Argued and submitted December 4, 1992, reversed and remanded for further proceedings August 4, 1993

STATE OF OREGON,
*Appellant,*

*v.*

BOBBIE LEE CASTEEL,
*Respondent.*

(91-CR-0039-15; CA A72706 (Control))

STATE OF OREGON,
*Appellant,*

*v.*

DANNY LOUIS CASTEEL,
*Respondent.*

(91-CR-0059-15; CA A72707)

STATE OF OREGON,
*Appellant,*

*v.*

DIANE RENEE DAVENPORT,
*Respondent.*

(91-CR-0040-15; CA A72708)

STATE OF OREGON,
*Appellant,*

*v.*

WILLIAM SHELDON TALLMAN,
*Respondent.*

(91-CR-0041-15; CA A72709)

STATE OF OREGON,
*Appellant,*

*v.*

MICHAEL EUGENE HENSLEY,
*Respondent.*

(91-CR-0050; CA A72710)

STATE OF OREGON,
*Appellant,*

*v.*

MICHAEL EUGENE HENSLEY,
*Respondent.*

(91-CR-0052; CA A72711)

STATE OF OREGON,
*Appellant,*

*v.*

MICHAEL EUGENE HENSLEY,
*Respondent.*

(91-CR-0054; CA A72712)

STATE OF OREGON,
*Appellant,*

*v.*

MICHAEL EUGENE HENSLEY,
*Respondent.*

(91-CR-0062; CA A72713)

STATE OF OREGON,
*Appellant,*

*v.*

MICHAEL EUGENE HENSLEY,
*Respondent.*

(91-CR-0065; CA A72714)

STATE OF OREGON,
*Appellant,*

*v.*

ANTHONY WAYNE McGINNIS,
*Respondent.*

(91-CR-0051-15; CA A72715)

STATE OF OREGON,
*Appellant,*

*v.*

LINDA LOUISE McGINNIS,
*Respondent.*

(91-CR-0055-15; CA A72716)

STATE OF OREGON,
*Appellant,*

*v.*

RICHARD JAMES BRENNER,
*Respondent.*

(91-CR-0063-15; CA A72717)

STATE OF OREGON,
*Appellant,*

*v.*

RICHARD JAMES BRENNER,
*Respondent.*

(91-CR-0067-15; CA A72718)

STATE OF OREGON,
*Appellant,*

*v.*

MARK DOUGLAS GREENE,
*Respondent.*

(91-CR-0071-15; CA A72719)

857 P2d 204

Janie M. Burcart, Assistant Attorney General, Salem, argued the cause for appellant in each case. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Garrett A. Richardson, Portland, argued the cause for respondents Davenport and Hensley. With him on the brief was Multnomah Defenders, Inc., Portland.

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for respondents Casteel, Tallman, McGinnis, Brenner and Greene. With him on the brief was Sally L. Avera, Public Defender, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

---

* Leeson, J., *vice* Buttler, J., retired.

## De MUNIZ, J.

Defendants were charged with conspiracy and with possession, manufacturing and delivery of controlled substances.[1] The trial court granted defendants' motions to suppress tape recordings of conversations that they had with a police informant, because the investigating officers had not obtained an order authorizing their use of a body wire to record the conversations. The state appeals. ORS 138.060(3). We reverse.

The trial court conducted a stipulated facts hearing on defendants' motions to suppress. In the summer of 1990, the Prineville Police Department coordinated an interagency drug investigation. Officer Calhoun retained an undercover informant to assist in the investigation. Calhoun equipped the informant with a body wire, but never sought an order authorizing its use. The informant engaged in conversations with defendants. The body wire picked up the conversations and transmitted them to Calhoun, who listened to and recorded them.

Defendants moved to suppress the recorded conversations on statutory and constitutional grounds. The trial court concluded that, under ORS 133.724, a "body wire order" is a prerequisite to the admissibility of any evidence obtained by using a body wire. Because the state conceded that the officers had not obtained an order, the court granted defendants' motions to suppress. In reviewing the court's decision, we first address the statutory basis for defendants' motion to suppress. *State v. Nielsen*, 316 Or 611, 618, 853 P2d 256 (1993).

In general, it is unlawful for a person to use an electronic device to record a conversation without either informing all of the participants or obtaining an *ex parte* order by following the procedure outlined in ORS 133.724. ORS 165.540(1)(c).[2] However, that proscription does not apply if the person is a law enforcement officer who has obtained an *ex*

---

[1] Brenner was the only defendant that was charged with committing all of those crimes.

[2] Violation of ORS 165.540(1) is a Class A misdemeanor. ORS 165.540(9).

*parte* order under ORS 133.726. ORS 165.540(5)(a)(A). Additionally, the proscription found in ORS 165.540(1)(c) does not apply when

"a law enforcement officer obtains a conversation between the officer, or someone under the direct supervision of the officer, and a person who the officer has probable cause to believe has committed, is engaged in committing or is about to commit a crime punishable as a felony under ORS 475.992 or ORS 475.995 or the circumstances at the time the conversation is obtained are of such exigency that it would be unreasonable to obtain the court order under ORS 133.726, providing the person who obtains or records the conversation does not intentionally fail to record and preserve the conversation in its entirety." ORS 165.540(5)(a)(B).

The trial court concluded that the sole purpose of ORS 165.540 was to define a crime and to provide exemptions for police officers under certain circumstances. It concluded that, although police commit no crime if their conduct falls within the exemptions found in ORS 165.540(5)(a), an *ex parte* order authorizing the use of a body wire is, nonetheless, a prerequisite to the admissibility of tape recorded conversations. That conclusion is incorrect. The admissibility of body wire evidence is governed by ORS 41.910, which provides, in part:

"(1)  Evidence of the contents of any wire or oral communication intercepted:

"(a)   In violation of ORS 165.540 shall not be admissible in any court of this state, except as evidence of unlawful interception."

If ORS 41.910 is to have any meaning, then the converse is necessarily true: evidence obtained in compliance with ORS 165.540 is admissible.[3] The issue, then, is whether the officer's use of the body wire complied with ORS 165.540.

Police may comply with ORS 165.540 in two ways. Under subsection (5)(a)(A), they may comply by obtaining an *ex parte* order under ORS 133.726.[4] In this case, Calhoun did

---

[3] Not all communications that have been obtained in compliance with ORS 165.540 are admissible. Communications lawfully obtained under ORS 165.540(2)(a) are always inadmissible. ORS 91.910(1)(b).

[4] ORS 133.726 outlines the procedure by which a district attorney or a peace officer may seek an order for "obtaining [a] conversation." Similarly, ORS 133.724

not obtain an order. Consequently, the body wire evidence is admissible only if the requirements of ORS 165.540(5)(a)(A) were met. In *State v. Evans*, 113 Or App 210, 832 P2d 460 (1992), we held that ORS 165.540(5)(a)(B) authorizes a police officer to record a conversation, without an *ex parte* order, if the officer has probable cause to believe that the conversation will involve an unlawful drug transaction. We rejected the defendant's contention that an order was necessary if exigent circumstances were not present. We see no reason to alter our interpretation of that statute, and we therefore decline defendants' invitation to overrule *Evans*.

The informant's recording of his conversations with defendants complied with that provision *if* Calhoun had probable cause to believe that the conversations would involve unlawful drug transactions. The trial court did not conduct an evidentiary hearing to determine that issue, because it incorrectly concluded that the absence of a "body wire order" was dispositive.

On remand, the trial court is instructed to hold an evidentiary hearing to determine whether Calhoun had probable cause to believe that the informant's conversations with defendants would involve violations of ORS 475.992 or ORS 475.995. If the court finds that the officer did have probable cause, then the court should address any remaining issues raised by defendants' motion to suppress.[5]

Reversed and remanded for further proceedings not inconsistent with this opinion.

---

outlines the procedure by which a district attorney may obtain an "*ex parte* order for the interception of wire, electronic or oral communications."

[5] Because that evidentiary hearing *may* be dispositive, we need not decide whether ORS 165.540 violates Article I, section 9, by permitting a warrantless search or seizure in the absence of exigent circumstances. We note that a plurality of the Supreme Court decided an identical issue adversely to defendants under the Fourth Amendment. *United States v. White*, 401 US 745, 752-53, 91 S Ct 1122, 28 L Ed 2d 453 (1971).