Argued and submitted November 30, 1993, remanded in part with instructions; otherwise affirmed February 9, petition for review denied May 10, 1994 (319 Or 81)
Appellant's motion to recall the appellate judgment issued on (June 10) and to reinstate the appeal to allow reconsideration by the Supreme Court of its order denying review is allowed by order dated July 19, 1994;
Petition for review is held in abeyance pending decisions in *State v. Cleveland,* 127 Or App 559, 872 P2d 997 (1994) and *State v. Fleetwood,* 127 Or App 558, 872 P2d 998 (1994)

## STATE OF OREGON,
*Respondent,*

*v.*

## RICHARD DON BASS,
*Appellant.*

(92CR305, 92CR304; CA A76682 (Control), A76683)
(Cases Consolidated)

868 P2d 761

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Janie M. Burcart, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R.

Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant was convicted of possession and delivery of a controlled substance. ORS 475.992. The charges arose after defendant sold methamphetamine to a police informant who had been equipped with a body wire. A tape recording was made of a February 29, 1992, conversation in defendant's home between defendant and the informant during the informant's purchase of methamphetamine. The tape was played to the jury, and defendant assigns error to the court's denial of his motion to suppress that evidence.

Defendant first argues that the tape recording violated the statutes governing recorded conversations. The recordings were made pursuant to the exception in ORS 165.540 that permits a recording without the consent of all the parties when an officer has probable cause to believe that a person is engaged in committing a drug crime.[1] Defendant

---

[1] ORS 165.540 provides:

"(1)  Except as otherwise provided in ORS 133.724 or subsections (2) to (7) of this section, no person shall:

"* * * * *

"(c)  Obtain or attempt to obtain the whole or any part of a conversation by means of any device, contrivance, machine or apparatus, whether electrical, mechanical, manual or otherwise, if all participants in the conversation are not specifically informed that their conversation is being obtained.

"* * * * *

"(5)(a)  The prohibitions in paragraph (c) of subsection (1) of this section do not apply:

"(A)  When a law enforcement officer obtains a conversation between the officer or someone under the officer's direct supervision pursuant to a court order under ORS 133.726, providing the person who obtains or records the conversation does not intentionally fail to record and preserve the conversation in its entirety.

"(B)  When a law enforcement officer obtains a conversation between the officer, or someone under the direct supervision of the officer, and a person who the officer has probable cause to believe has committed, is engaged in committing or is about to commit a crime punishable as a felony under ORS 475.992 or 475.995 or the circumstances at the time the conversation is obtained are of such exigency that it would be unreasonable to obtain the court order under ORS 133.726, providing the person who obtains or records the conversation does not intentionally fail to record and preserve the conversation in its entirety.

"(b)  Except to a superior or other official with whom the officer is cooperating in the enforcement of felony laws, or to a magistrate, or in a presentation to a federal or state grand jury, the conversation obtained under paragraph (a) of this subsection shall not, without a court order, be divulged to others before the preliminary hearing or trial in which the conversation is introduced as evidence against the suspected person.

concedes that we answered his statutory arguments contrary to his position in *State v. Evans*, 113 Or App 210, 832 P2d 460 (1992), and we decline his invitation to reconsider the *Evans* holding.

As we explained more fully in *State v. Casteel*, 122 Or App 218, 857 P2d 204 (1993), body wire evidence is admissible if the police comply with ORS 165.540. Under ORS 165.540(5)(a)(B), an *ex parte* order is not required if the officer has probable cause to believe that the conversation will involve an unlawful drug transaction. Defendant does not argue that there was no probable cause in this instance. Rather, he contends that, if the statutory exemption to a warrant is valid, the "surreptitious recording" of his conversation nonetheless violated his right to privacy protected by Article I, section 9, of the Oregon Constitution.

The threshold question in any Article I, section 9, search analysis is whether the police conduct at issue is sufficiently intrusive to be classified as a search. *State v. Wacker*, 317 Or 419, 426, 856 P2d 1029 (1993). Defendant relies on *State v. Campbell*, 306 Or 157, 759 P2d 1040 (1988), to argue that the use of the body wire constitutes a search. In *Campbell*, the court held that attaching an electronic transmitter to a car constituted a search. The court concluded that, if it were not a search, no conversation in a public place would be secure from the prying of the government and that such forms of surveillance were not faithful to the principles underlying Article I, section 9. 306 Or at 172. Defendant argues that the reasoning of *Campbell* applies here. He contends that it does not matter that the conversation took place in his home but what does matter was his interest in protecting the privacy of the conversation and that he was unaware that the conversation was being taped.

The state argues that police use of a body wire here did not constitute a search. It contends that *Campbell* does not assist defendant because, as the Supreme Court noted,

"(c) As used in this subsection, 'law enforcement officer' means an officer employed by the United States, this state or a municipal government, or a political subdivision, agency, department or bureau of those governments, to enforce criminal laws. A law enforcement officer may obtain a conversation under paragraph (a) of this subsection only when acting within the scope of this employment and as a part of assigned duties."

there is a difference between the invasion of a defendant's privacy by a radio transmitter attached to a car and a defendant's invitation to an undercover officer into the defendant's home:

"The constitutional provisions against unreasonable searches and seizures do not protect a right to keep any information, no matter how hidden or 'private,' secret from the government. What the provisions forbid are unreasonable searches and seizures, *i.e.*, certain *acts* of the government. Article I, section 9, 'presents the police with a web of rules that are meant to protect the privacy interest of "the people," and the police violate section 9 if and only if they violate these rules.' *State v. Tanner*, [304 Or 312, 320, 745 P2d 757 (1987)]. Whether police conduct is a search does not turn on whether its object could be discovered by conduct that is not a search. For example, * * * if an undercover police officer is invited into a home and observes illegal conduct, the officer has not committed a search, but an unconsented entry into the home by other police officers to observe what the undercover officer could or did observe would be a search." 306 Or at 166-67. (Citations omitted; emphasis in original.)

The state's position is that *State v. Wacker, supra,* demonstrates that use of the body wire does not alter that defendant here consented to reveal his activities to the informant, just as in the hypothetical in *State v. Campbell.* In *Wacker*, the police, assisted by a camcorder and starlight scope, observed occupants of a car. The court held that the defendant chose to carry out his activities in the parking lot of a tavern that was open for business and that the police observations of those activities did not constitute a search. The state contends that, applying the *Wacker* analysis here, no privacy interest of defendant's was invaded, because he invited the informant into his home and freely entered into conversation with her.

We agree with the state. Defendant assumed the risk that his customer was not what she represented herself to be and that she might relate what defendant said to her. Defendant's assumption of that risk was the same whether the informant related orally or electronically what defendant said to her. Just as in the analogous situations involving taped telephone calls, when an informant has consented to the taping but the defendant has not, defendant risked that what

he said to the informant would not remain private. *See State v. Young*, 1 Or App 562, 566, 463 P2d 374, *rev den* (1970). The recording here was not sufficiently intrusive to constitute a search that implicated defendant's rights under Article I, section 9. The court did not err in denying his motion to suppress.

Defendant next argues that the court erred in ordering him to repay court-appointed attorney fees in the amount of $350 on each case. The state concedes that a remand is required because the evidence establishes that the cost of retaining counsel for defendant was $280 per case. We accept the concession.

Remanded with instructions to modify judgments to reflect actual cost of defendant's court-appointed counsel of $280 in each case; otherwise affirmed.