Argued and submitted September 28, 1994, affirmed February 1, petition for review
denied April 18, 1995 (321 Or 47)

## J. ARLIE BRYANT, INC.,
*Petitioner,*

*v.*

## COLUMBIA RIVER GORGE COMMISSION,
*Respondent,*

*and*

## FRIENDS OF THE COLUMBIA GORGE,
*Intervenor.*

(CA A75952)

889 P2d 383

Michael E. Haglund argued the cause for petitioner. With him on the briefs were Rick T. Haselton and Haglund & Kirtley.

Lawrence Watters argued the cause for respondent. With him on the brief were Michael Reynolds and John T. Bagg, Assistant Attorneys General.

Gary Kahn and Reeves, Kahn & Eder were on the brief for intervenor.

Before Deits, Presiding Judge, and Riggs and Leeson, Judges.

DEITS, P. J.

**DEITS, P. J.**

Petitioner seeks review of the Columbia River Gorge Commission's (commission) order directing a five-year phaseout of petitioner's quarry operation located in the Columbia River Gorge National Scenic Area. We affirm.

■ Petitioner's principal arguments are that the commission lacked statutory and regulatory authority to order a phaseout of an allegedly nonconforming use. Petitioner acknowledges that it did not raise those issues below, but contends we should reach them nevertheless because they present "a matter of profound public consequence" that "transcend[s] the interests of the present petitioner." Petitioner cites *Saxon v. Div. of State Lands*, 31 Or App 511, 514, 570 P2d 1197 (1977), where we reached an unpreserved issue on the ground that the "subject matter of the particular case is of substantial public importance." *See also Marbet v. Portland Gen. Elect.*, 277 Or 447, 561 P2d 154 (1977). To the extent that *Saxon* remains authoritative, it supports the proposition that we *may* reach the unpreserved issues here. *But see Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991). However, we are not obliged to do so and, for the reasons that follow, we decline to do so.

The line between "substantial public importance" and mere private interest is far from precise. This case — like most — is capable of being characterized in ways that could equally well support the application of either label. Arguably, the case is "about" (1) a single private party's desire to conduct a particular business operation at a particular site, and/or (2) the authority of a governmental body to regulate business operations by members of the public generally in the same way that the commission has regulated petitioner's activity. Although the case may fall within both descriptions, petitioner argues that the second is of such far-reaching significance that we should address the commission's authority to do to others what it did to petitioner, despite the fact that petitioner did not present the issues to the commission itself.

We do not believe, however, that it is necessary or appropriate to address the unpreserved issues in this case. Our refusal to address the issues here does not preclude a

future party who may be confronted with proposed commission action of the same or a similar kind from properly raising the questions that petitioner failed to raise before the commission. In other words, the potential questions in the case that might have ramifications that go beyond its own facts can readily be presented in future cases; indeed, they can be raised in any proceeding in which the commission proposes to repeat the action that it took here, and can therefore be resolved before the action becomes final as to any other prospective party. Accordingly, we do not agree with petitioner that the unpreserved issues must be decided now in order to settle any matters that "transcend" petitioner's interests as an individual party.

Our decision not to address an issue that has not been preserved is not a mere technical one. Adherence to preservation requirements is important to the proper performance of appellate review. There are at least two reasons why that is so. First, the requirement that an issue be presented to the lower tribunal in order for it to be raised on appeal serves to prevent error. If the first tribunal is given the opportunity to make a ruling, its ruling may well be correct. Relatedly, it would be a disservice to the economy of the process to require the lower tribunal to conduct further proceedings in order to rectify an error that it was never given the initial opportunity to avoid.

The second reason is that requiring a party to present its issues at each adjudicative level is essential to a fair process for the other parties and participants. Generally, the opportunity to respond at the appellate level does not cure the denial of that opportunity in trial court and agency proceedings, where all of the factual and much of the legal development of cases must occur. We conclude that there is no reason here to justify a departure from the usual rules of preservation. We decline to address the unpreserved arguments that petitioner makes.

■   We have considered petitioner's arguments that do not fall in that category, and one requires discussion. Petitioner contends that the order of the agency's executive director, which the commission subsequently adopted, does "not accord with substantial reason." The director found no existing inconsistency between the quarry operation and

recreational resources in the area, but concluded that "heavy trucks associated with quarry operations" would conflict with the "planned expansion of recreation resources in the area" and "associated planned development."

Petitioner argues that there was no evidence or findings, of specific kinds enumerated by petitioner, to tie the five-year phaseout to any eventual actual conflict. Petitioner asserts that the phaseout period was wholly speculative and arbitrary. We do not agree that the *director's* order, in itself, suffers from those defects. The precise timing and other facts concerning planned future events are necessarily somewhat speculative, and the director's findings and conclusions are sufficient to demonstrate that the five-year period was legitimately selected as an outer limit of the time by which actual conflict would occur.

■ However, another facet of petitioner's argument presents a more troublesome problem. In reviewing the director's decision, the commission conducted a *de novo* hearing. However, its order makes no reference to specific evidence that was presented to it and no independent findings or conclusions based on that evidence; rather, the commission's order consists only of procedural recitals and the conclusions denying petitioner's appeal and adopting the director's decision.

Although the approach that the commission followed might sometimes result in significant omissions, petitioner does not identify any legal error in the commission's order here. Petitioner argues that the commission and its staff "arbitrarily — perhaps randomly — picked the five-year deadline," and that the commission "rubber-stamped its staff's baseless choice." However, we have held that petitioner's similar assertions concerning the director's order are not well-founded. It follows that the commission's adoption of the director's order is free of the same asserted deficiencies, unless petitioner has demonstrated that events at the commission's hearing and after the director's order was issued render the commission's decision independently erroneous.

■■ Petitioner does not make that demonstration. The fact that the commission held its own hearing of course does not create a *per se* requirement that it add to, subtract from or

depart from the director's order. If the later proceedings did not reveal any deficiencies in or necessary changes to the first order, there was no legal requirement that the commission do anything other than adopt it. Petitioner's argument shows only a possible basis on which the commission *could* have concluded that the director's order should be supplemented or changed; petitioner does not convince us that anything that occurred in the commission proceedings, or other events after the director's decision, required the commission to so conclude. We find no error.

Affirmed.