Argued and submitted January 25, affirmed February 17, 1999

In the Matter of
Frank Lee Banks, III, a Minor Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

FRANK LEE BANKS, II,
*Appellant.*

(9302-80456; CA A103036)

974 P2d 792

Gary B. Bertoni filed the brief for appellant.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent Juvenile Department of Multnomah County. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Kathryn Worden Underhill filed the brief for respondent child.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Rossman, Senior Judge.

LANDAU, P. J.

## LANDAU, P. J.

In this proceeding for termination of parental rights, father failed to appear at a scheduled mandatory pretrial conference. Father was represented by counsel, and counsel was present at the hearing. The trial court held father in default and permitted the state to proceed with a *prima facie* case for termination. Father's counsel objected as follows:

"I would raise the same objections that I have in other termination cases where there's a parent that fails to appear regarding the ability of the State to proceed by *prima facie* and would—no further comments."

The trial court proceeded with the *prima facie* hearing, at the conclusion of which it found that the state had proven its case by clear and convincing evidence and ordered termination of father's parental rights. Several weeks later, father moved to set aside the termination. The trial court denied the motion. Father appeals.

On appeal, father assigns error to the trial court's termination of parental rights without father being present at the hearing. Father raises a number of arguments, all to the effect that the trial court's decision to proceed without father being present violated a number of statutory provisions as well as the due process clause of the Fourteenth Amendment to the United States Constitution. The state argues, among other things, that father's arguments were not preserved. We agree with the state.

Father's attorney interposed "the same objections that I have in other termination cases." The record of this case, however, does not reflect what those objections were or whether the trial court understood what the objections were. Under the circumstances, we cannot regard father's contentions on appeal as having been preserved. *See J. Arlie Bryant, Inc. v. Columbia River Gorge Comm.*, 132 Or App 565, 568, 889 P2d 383, *rev den* 321 Or 47 (1995) (preservation is required to give the trial court an opportunity to prevent error and to give opposing parties an opportunity to respond at the factfinding level of adjudication).

Affirmed.