Argued and submitted March 9, 1995, resubmitted June 11, 1998, decision of the Court of Appeals reversed; judgment of the circuit court reversed and case remanded to circuit court for further proceedings December 29, 2000

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## ELIZABETH A. CLEVELAND,
*Petitioner on Review.*

(CC 92CR306; CA A76961; SC S41302)

16 P3d 514

Ingrid A. MacFarlane, Deputy Public Defender, Salem, argued the cause for petitioner on review. With her on the briefs were Sally L. Avera, Public Defender, Diane L. Alessi, Chief Deputy Public Defender, and Peter Gartlan, Deputy Public Defender.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondents on review. With him on the briefs

were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

David E. Groom, Salem, filed a brief for *amicus curiae* Oregon Criminal Defense Lawyers Association. With him on the brief was David G. Terry, Roseburg.

Thomas M. Christ, Portland, filed a brief for *amicus curiae* ACLU Foundation of Oregon, Inc.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, and Durham, Justices.**

DURHAM, J.

---

** Kulongoski, Leeson, and Riggs, JJ., did not participate in the decision or consideration of this case. Unis, J., retired June 30, 1996, and did not participate in the decision of this case. Fadeley, J., retired January 31, 1998, and did not participate in the decision of this case. Graber, J., resigned March 31, 1998, and did not participate in the decision of this case.

## DURHAM, J.

Defendant was convicted of delivery of a controlled substance, a Class "B" felony. ORS 475.992. She appealed, assigning error to the trial court's denial of a motion to suppress evidence of conversations that police obtained through use of an electronic device, *i.e.*, a body wire, hidden on the person of a police informant. The Court of Appeals affirmed in a per curiam decision that cited *State v. Bass*, 126 Or App 303, 868 P2d 761 (1994). *State v. Cleveland*, 127 Or App 559, 872 P2d 997 (1994).

Defendant's motion sought suppression of evidence of statements by defendant and other persons intercepted by body wire at two locations, as well as all evidence derived from the intercepted communications. The motion asserted generally that the police had failed to obtain authorization to use the body wire through a court order issued under ORS 133.724.

The trial court determined that, notwithstanding ORS 133.724, the interception of the communications involved here was permissible because the police satisfied the probable cause provision of ORS 165.540(5)(a)(B). However, this court has determined that an *ex parte* court order obtained under ORS 133.724 is necessary to provide the police with authority to obtain evidence of oral communications through use of a device, that compliance by police with ORS 165.540(5)(a)(B) does not obviate the necessity of complying with ORS 133.724, and that evidence of oral communications obtained through use of a body wire without compliance with ORS 133.724 is subject to suppression. *State v. Fleetwood*, 331 Or 511, 16 P3d 503 (2000). Applying *Fleetwood*, we conclude that the trial court erred in refusing to suppress evidence of oral communications intercepted without compliance with ORS 133.724.

ORS 133.735(1) authorizes suppression of evidence of the contents of unlawfully intercepted oral communications "or evidence derived therefrom." The record indicates that the police informant, and perhaps other persons, observed and heard some or all of the oral communications that the body wire intercepted. The trial court's findings do

not determine whether the state derived any of the evidence of those first-hand observations from unlawfully intercepted communications. As in *Fleetwood*, the trial court must determine on remand whether any of the state's evidence is "derived" from unlawfully intercepted communications and is subject to suppression on that basis. ORS 133.735; *Fleetwood*, 331 Or at 517 n 4.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.