Argued and submitted March 31, reversed June 12, 2003

# STATE OF OREGON,
## *Respondent,*

*v.*

# JASON MAURICE SWEENEY,
## *Appellant.*

010342410; A115028

71 P3d 168

Rebecca Duncan, Deputy Public Defender, argued the cause for appellant. With her on the brief was David Groom, Acting Executive Director, Office of Public Defense Services.

Paul L. Smith, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

KISTLER, J.

Edmonds, P. J., dissenting.

## KISTLER, J.

Defendant appeals from a judgment of conviction for second-degree trespass. He argues that the court erred in denying his motion for judgment of acquittal. We reverse.

Defendant received multiple orders excluding him from being on Tri-Met property. On March 4, 2001, a Tri-Met officer saw defendant arriving on a westbound MAX train. When defendant saw the officer, he jumped off the train and started running away from the officer and toward the elevators at the MAX station. Before defendant could get away, the officer stopped and arrested him for violating the exclusion orders. After trial, defendant was convicted of second-degree trespass.

■ ■    On appeal, defendant argues that the trial court should have granted his motion for judgment of acquittal because, under our decision in *State v. Collins*, 179 Or App 384, 39 P3d 925, *rev allowed*, 334 Or 491 (2002), the state failed to prove that he refused to leave Tri-Met property after being told to do so. The state does not dispute that, if this issue were preserved, the motion for a judgment of acquittal should have been granted. It argues instead that defendant did not preserve the issue. Defendant, for his part, acknowledges that he did not raise this theory below in support of his motion for judgment of acquittal.[1] He contends, however, that we should reach this issue under the plain error doctrine. *See State v. Jury*, 185 Or App 132, 57 P3d 970 (2002).[2]

---

[1] *Collins* had not been decided when the trial court ruled on defendant's motion.

[2] We explained in *Jury*:

"For error to be considered apparent on the face of the record for purposes of ORAP 5.45, it must satisfy three criteria: (1) it must be legal error; (2) it must be 'apparent,' such that 'the legal point is obvious, not reasonably in dispute'; and (3) it must appear on the face of the record, such that we 'need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable.' *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). If the asserted error satisfies those criteria, we then must exercise our discretion in deciding whether to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991)."

185 Or App at 135.

The state responds that the plain error doctrine does not apply here for two reasons. First, it notes that the doctrine is available only if the error is apparent on the face of the record—*i.e.*, the "legal point is obvious, not reasonably in dispute." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). The state reasons that, because the Supreme Court has allowed review in *Collins*, the legal point is still reasonably in dispute. Second, the state reasons that, even if the error is apparent, we should not exercise our discretion to reach it. It argues that, if the issue had been raised below, it is possible that it could have introduced evidence to satisfy the rule that we announced in *Collins*.

On the first issue, we explained in *Jury* that "[e]rror, in general, must be determined by the law existing at the time the appeal is decided" and that the same principle applies to error apparent on the face of the record. *Jury*, 185 Or App at 136. Under that reasoning, the state's first argument fails. Our opinion in *Collins* is binding on this court and lower courts until the Supreme Court issues its opinion in that case. For our purposes, after *Collins*, the correct legal rule in this case is obvious and not reasonably in dispute even though the Supreme Court may reach a different result in the future. *Accord Rodriguez v. Board of Parole*, 187 Or App 282, 292, 67 P3d 970 (2003).[3]

The state also argues that, even if the error is apparent, we should not exercise our discretion to reach the issue because the record might have been developed differently if *Collins* had been raised below. In this case, the record shows that defendant attempted to flee and leave Tri-Met property as soon as he saw the officer. The state has not identified any

---

[3] In *Rodriguez*, we interpreted a statute that permits a petitioner to seek review of an order of the Board of Parole and Post-Prison Supervision if the appeal presents a "substantial question of law." We explained that, as a general rule, an appeal did not present a substantial question of law if the "disposition of a question of law is resolved contrary to the petitioner's position by a * * * Court of Appeals decision." 187 Or App at 292. We added that "we will consider our published opinion to control the disposition of a question notwithstanding that * * * the Supreme Court has allowed review to address the question." *Id.*; *see also SAIF v. Azorr*, 182 Or App 90, 97, 47 P3d 542, *rev den*, 335 Or 90 (2002) (explaining that our opinions, even those that may be subject to review, control in deciding whether a penalty may be assessed against an employer for unreasonably refusing to process a workers' compensation claim).

basis for saying that, if this issue had been raised, the state could have introduced evidence to comply with the rule in *Collins.* That is, there is no suggestion that the state could have introduced evidence that defendant either entered onto premises not open to the public or refused to leave premises open to the public after being directed to do so. *See Collins,* 185 Or App at 390-95 (interpreting ORS 164.205(3)). We accordingly exercise our discretion to reach this issue and reverse. Under the rule in *Collins,* no reasonable trier of fact could have convicted defendant of second-degree trespass.

Reversed.

**EDMONDS, P. J.,** dissenting.

Defendant never moved for a judgment of acquittal in the trial court on the basis that the state failed to prove that he refused to leave Tri-Met property after being told to leave. Ordinarily, we would hold on those facts that the issue that he raises on appeal is unpreserved under ORAP 5.45, and we would refuse to consider it. Under the majority's reasoning, however, defendant is able to take unfair advantage of a fortuity regarding the state's failure to offer evidence on the above issue. For that reason, I dissent.

After the trial court ruled in defendant's case in June 2001, we decided *State v. Collins,* 179 Or App 384, 39 P3d 925, *rev allowed,* 334 Or 491 (2002), in February 2002. In *Collins,* an Oregon appellate court held for the first time that the failure of the state to prove that the defendant refused to leave a Drug Free Zone after being directed to do so was fatal to a charge of criminal trespass, even though the defendant had entered the zone in violation of a preexisting exclusion order. *Id.* at 394-95. The application of the rule of *Collins* to this case, where the issue is unpreserved, is driven by our holding in *State v. Jury,* 185 Or App 132, 57 P3d 970 (2002).

In *Jury,* the defendant was charged with possession of a controlled substance, delivery of a controlled substance, and frequenting a place where controlled substances are used. Before the defendant went to trial in February 1994, we held in *State v. Bass,* 126 Or App 303, 868 P2d 761 (1994), *vac'd,* 331 Or 693, 21 P3d 1086 (2001), *rev'd and rem'd,* 175 Or App 283, 27 P3d 165 (2001), that it was not unlawful for

the police to fit an informant with a body wire and listen to conversations between the informant and a suspected drug dealer without a court order authorizing that act, so long as the police had probable cause to believe that the conversations would involve an illegal transaction. In light of that decision, the defendant in *Jury* did not challenge the use of a body wire in the trial court, and the recorded evidence of his conversation with the informant was admitted into evidence after he objected only on the basis that the evidence was unfairly prejudicial. 185 Or App at 134.

While *Jury* was on appeal, the Supreme Court decided *State v. Fleetwood*, 331 Or 511, 16 P3d 503 (2000), and *State v. Cleveland*, 331 Or 531, 16 P3d 514 (2000). In those cases, the court held that ORS 133.724 requires the police to obtain a court order before the police are authorized to intercept communications through the use of a body wire. *Fleetwood*, 331 Or at 529-30; *Cleveland*, 331 Or at 534-35. The question in *Jury* was whether we should apply the Supreme Court's decisions in *Fleetwood* and *Cleveland*, rendered in 2000, to the trial court ruling made in 1994 under the provisions of ORAP 5.45. *Jury*, 185 Or App at 135-36. In other words, does "error apparent on the record" depend on the state of the law at the time of the trial court's decision or at the time of decision on appeal? *Id.* at 136. We recognized that the principles of preservation of error could be "subvert[ed]" by adopting the rule that error apparent on the record depends on the state of the law at the time of the decision on appeal. *Id.* at 138. Nevertheless, we reasoned that error in general is determined by the law existing at the time the appeal is decided and, therefore, that the same principle should apply under ORAP 5.45. *Id.* at 136.

This case differs from *Jury* in at least one material respect. At issue in *Jury* was the propriety of an evidentiary ruling, *i.e.,* the admissibility of the evidence obtained through the use of a body wire. The Supreme Court's interpretation of ORS 133.724 in *Fleetwood* and in *Cleveland* became binding on us and trial courts as if the legislature had written the requirement that an order be obtained into the express language of the statute at the time the statute was enacted. Consequently, the application of ORAP 5.45 to the issue in that case did not impose any unfair advantage on either party. As

we also noted, the outcome at trial in *Jury* "would not have been altered even with preservation" in light of our holding in *Bass. Jury*, 185 Or App at 140. Moreover, at the time that the defendant in *Jury* was tried, there was no way, under a proper understanding of the statute in question, to make the state's evidence obtained through an unauthorized body wire admissible. Thus, as we explained, "our allowance of relief in this case will not subvert the comity considerations that underlie the preservation requirement." *Id.* at 140.[1]

In contrast to *Jury*, the application of ORAP 5.45 to this case unfairly disadvantages the State of Oregon, and thereby the public, which has an interest in the prosecution of criminal violations of the law being prosecuted. The alleged defect in proof by the state in this case was potentially remediable by the introduction of additional evidence, if it had been called to the attention of the state and the trial court by defendant. At the core of the reasoning in *Collins* is the understanding that ORS 165.205(3)(b) was "intended to address circumstances in which (1) a party enters the premises, (2) is lawfully directed to leave, and (3) then refuses to leave." 179 Or App at 395 n 15. Under *Collins*, proof of the fact that the defendant is lawfully directed to leave is the predicate to whether the defendant's conduct (the failure to leave), "regardless of his mental state," is unlawful. *Id.* at 396. As it suggests in its brief in this case, "the state might have developed the record in a materially different manner had defendant raised a *Collins*-type issue below," and, because no Oregon appellate court decision required such proof at the time of defendant's trial, "the state had no reason to believe that it needed to offer evidence regarding whether defendant was directed to leave * * *."

That is particularly true in this case because of evidence that defendant had previously pled guilty to a separate

---

[1] In *J. Arlie Bryant, Inc. v. Columbia River Gorge Comm.,* 132 Or App 565, 889 P2d 383, *rev den*, 321 Or 47 (1995), we explained why adherence to preservation requirements is essential. We pointed to the fact that, if the trial court is given an opportunity to make a ruling, its ruling may well be correct and thereby avoid an appeal on the issue. *Id.* at 568. We also said that "requiring a party to present its issues at each adjudicative level is essential to a fair process for the other parties and participants. Generally, the opportunity in trial court to respond at the appellate level does not cure the denial of that opportunity * * * where all of the factual and much of the legal development of cases must occur." *Id.* at 568.

charge of second-degree criminal trespass arising from the same exclusion order that forms the basis for the charge in this case. He took no appeal from the earlier adjudication. In light of that adjudication and the failure of defendant to raise the issue at trial that he now raises on appeal, it would have been reasonable for the state to believe that defendant did not contest the authority of Tri-Met to bar him from its premises. It follows that the state could also have reasonably believed that no proof was required of an order directing him to leave. In effect, the prior adjudication has the same legal effect as the direction to leave. Both could operate to make a defendant's failure to leave Tri-Met's premises unlawful rather than lawful. The majority's ruling leaves the state in a position that it could not have reasonably anticipated.

The majority rejects the state's argument in that regard because

> "the record shows that defendant attempted to flee and leave Tri-Met property as soon as he saw the officer. The state has not identified any basis for saying that, if this issue had been raised, the state could have introduced evidence to comply with the rule in *Collins*."

188 Or App at 258-59.

The above reasoning presents a novel interpretation of the *Collins* rule without engaging with the fact that defendant started to run away before the officer could speak with him. Apparently, the majority believes that defendant cannot be convicted of criminal trespass in this case, even after being convicted of criminal trespass for being on Tri-Met's premises previously, if he is able to escape from the pursuing officer before the officer can verbally direct him to leave. I question whether the legislature intended such a result. Regardless of the majority's failure to confront that fact, the legal effect of defendant's prior conviction on the state's burden of proof was never determined by the trial court because defendant did not make a motion for a judgment of acquittal on that ground. In sum, the multiple legal and factual issues in this case belie the application of the "plain" error doctrine.

Accordingly, I respectfully dissent.