Submitted on remand from the Oregon Supreme Court March 13, convictions for
fourth-degree assault reversed and remanded; otherwise affirmed
December 31, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ANTONIO MENDOZA-LAZARO,
*Defendant-Appellant.*

Marion County Circuit Court
03C44064; A123566

200 P3d 167

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Brandon G. Williams, Deputy Public Defender, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

ORTEGA, J.

In our original decision in this case, we exercised our discretion under ORAP 5.45(1) to review defendant's unpreserved objection to the trial court's admission of testimonial hearsay in violation of his confrontation rights under the Sixth Amendment to the United States Constitution. *State v. Mendoza-Lazaro*, 211 Or App 349, 155 P3d 63 (2007). The Supreme Court vacated our decision and remanded the case to us for reconsideration in light of its decision in *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Mendoza-Lazaro*, 344 Or 194, 179 P3d 672 (2008). For the reasons that follow, we again exercise our discretion to correct the trial court's error.

We briefly recount the facts, which are set forth in detail in our original opinion. A police officer arrived at the scene of a domestic disturbance to find the victim bleeding as two crying children—aged five and three—clung to her. She reported that defendant had struck her and that she had taken the children and had run out of the apartment, leaving defendant inside. The officer entered the apartment, spoke to defendant, and ultimately arrested him. The officer then spoke to the victim, who revealed that, after shaking her, defendant had tripped her and sat on top of her as he punched her face and scratched her neck. The victim reported that the children watched the incident until a neighbor came into the apartment and ordered defendant to stop. The only witness at trial was the officer, who testified to the above facts. Among other crimes, defendant was convicted of two counts of assault in the fourth degree, ORS 163.160(3)(c), which were elevated to felonies based on the jury's finding that the victim's minor children witnessed the assault. *Mendoza-Lazaro*, 211 Or App at 351-52.

In our original decision, we held that the trial court's admission of the victim's statements made after defendant's arrest—the officer's testimony that the victim reported that her children had witnessed defendant's assaultive conduct against her—violated defendant's federal confrontation rights as interpreted in *Crawford v. Washington*, 541 US 36, 53-54, 124 S Ct 1354, 158 L Ed 2d 177 (2004), and was error

apparent on the face of the record. We exercised our discretion to correct the error because the statements were critical to defendant's felony assault convictions and were the only evidence in the record supporting those convictions. *Mendoza-Lazaro*, 211 Or App at 354-55. As noted earlier, the Supreme Court vacated our decision, and remanded this case with instructions for us to reconsider our exercise of discretion.

■ In exercising our discretion to consider an unpreserved legal error that is "apparent on the face of the record," ORAP 5.45(1), we consider various factors, including

> "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). In *Fults*, the court counseled against reliance on any single factor and identified additional significant factors, including the possibility that a defendant made a strategic choice not to object to the admission of the evidence and the judicial system's interest in requiring preservation of error. 343 Or at 523.

■ On remand, both defendant and the state agree that the trial court's admission of the hearsay statements was an error apparent on the face of the record. Defendant again urges us to exercise our discretion to correct the error. He contends that the error is grave because his assault convictions are founded on erroneously admitted unconstitutional evidence. He further contends that, because his trial preceded *Crawford*, an objection would not have yielded a different result under the then-controlling case law; for the same reason, he cannot be said to have made a strategic choice not to object to the statements' admission.

In response, the state urges us not to exercise our discretion to correct the error. The state argues that the error was not particularly grave because other evidence suggests

that the children saw or "directly perceived" defendant's assault of the victim as required by ORS 163.160(4). Although it acknowledges that defendant's trial occurred before *Crawford* was decided, the state, noting that the United States Supreme Court granted *certiorari* in that case three months before defendant's trial, contends that defendant's failure to make a *Crawford* objection is not clearly excusable. The state concedes that, had defendant objected, his objection probably would not have been sustained, but nevertheless argues that, had it been aware of defendant's objection, it could have called other witnesses to testify as to whether the victim's children witnessed the assault.

For the reasons stated in our original opinion, 211 Or App at 353-54, we agree with the parties that the admission of the statements was plain error. For the following reasons, we exercise our discretion to correct the error.

First, defendant's failure to preserve his present objection at trial was at least partially justified. At the time of defendant's trial, *Crawford* had not been argued, much less decided, and the statements at issue would likely have been deemed admissible under *Ohio v. Roberts*, 448 US 56, 100 S Ct 2531, 65 L Ed 2d 597 (1980). Accordingly, exercising our discretion to review the error now will not subvert the comity and efficiency considerations that underlie the preservation requirement. *See J. Arlie Bryant, Inc. v. Columbia River Gorge Comm.*, 132 Or App 565, 568, 889 P2d 383, *rev den*, 321 Or 47 (1995) (describing various rationales for the preservation requirement).

Moreover, we reject any suggestion that defendant chose not to make a constitutional objection to the statements for fear that the state would obtain direct (and presumably more damaging) testimony from another witness. Before trial, defendant in fact did attempt to prevent the officer from testifying about the victim's statement that the children had witnessed defendant's assault of her; he argued that those statements were collateral to the victim's report of the assault and not admissible under the hearsay exception contained in OEC 803(26). That argument was sufficient to put the state on notice that defendant objected to the use of the evidence at issue and to alert the state that it might be

beneficial to obtain direct evidence. Despite the potential availability of such evidence from the victim's neighbor, the state did not call him. Defendant's argument to the trial court thus was inconsistent with any sort of strategic choice to forgo an objection.

Second, the gravity of the court's error is significant. Excluding the erroneously admitted evidence, there is little evidence left to establish that the victim's children witnessed defendant's assault of the victim. The officer's testimony that, when he arrived on the scene, the victim explained that she had fled the apartment with the children after defendant struck her, coupled with his observation that the children were crying, suggest that the victim's children were in the apartment when defendant struck the victim and establish that, at the time the officer saw the children, they were upset. That evidence, without more, however, is insufficient to allow a reasonable factfinder to infer that the children witnessed the assault. *See State v. Bivins,* 191 Or App 460, 469, 83 P3d 379 (2004) (evidence that the victim's children were present in the home during the defendant's assault and that his conduct toward the victim caused a "distinctive sound" was insufficient as a matter of law to support the inference that the children heard the assault).

More generally, correction of the error serves the ends of justice. As we observed in *State v. Page,* 197 Or App 72, 83-84, 104 P3d 616 (2005), *rev den,* 340 Or 673 (2006), *Crawford* emphasized the importance of cross-examination in safeguarding defendants against amorphous inquiries into reliability. Here, the court admitted the statements at issue under OEC 803(26)(a), which allows the admission of hearsay statements of the content of domestic violence reports if there are, among other things, "sufficient indicia of reliability." Because the admission of the statements—again, the only evidence from which a reasonable factfinder could conclude that the victim's children witnessed defendant's conduct—was the result of the very type of inquiry of which *Crawford* disapproved, correcting the error would comport with the ends of justice.

Convictions for fourth-degree assault reversed and remanded; otherwise affirmed.