Argued and submitted May 27, 1998, affirmed May 12, 1999

David S. GIBLIN,
*Respondent,*

*v.*

Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Appellant.*

(97-04-28708M; CA A98637)

982 P2d 18

Christine Chute, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Bob Pangburn argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

WOLLHEIM, J.

—————————————————

* Deits, C. J., *vice* Riggs, P. J., resigned.

**WOLLHEIM, J.**

Defendant is Superintendent of the Snake River Correctional Institution and plaintiff was a prisoner incarcerated there. Defendant appeals the trial court's summary judgment order granting plaintiff's request for habeas corpus relief. In light of our recent opinion in *Peek v. Thompson*, 160 Or App 260, 980 P2d 178 (1999), we affirm.

Plaintiff was convicted in 1992 of sodomy and rape in the first degree for crimes committed against his minor stepdaughter before 1990. He received concurrent 20 year sentences. Before plaintiff's first parole hearing in October 1995, Dr. Terrel Templeman, a psychologist for the Board of Parole and Post-Prison Supervision (Board) conducted a psychological evaluation of plaintiff. In a section of his report to the Board labeled "Diagnostic Impressions," Templeman wrote:

> "[Plaintiff] has a history of early antisocial acting out, including running away from home, theft, and forgery, but seems to have settled down in recent years. I can find no clear indication or history of pedophilia. His attachment to his stepdaughter appears to have been more than just opportunistic sexual gratification, as she became some kind of attachment figure for him as well. In my opinion his psychological problems around this attachment to this stepdaughter are not sufficient to make him a danger to the community. However, he could benefit from sex offender treatment and/or individual psychotherapy to better understand and prevent further emotional attachments to vulnerable persons."

The Board, however, found that plaintiff posed a danger to the health and safety of the community and deferred his parole release to November 1997. In June 1997, the Board affirmed its October 1995 decision and plaintiff petitioned for a writ of habeas corpus to secure his parole. The writ issued, and at hearing plaintiff moved for summary judgment, arguing, in part, that the Board's decision was contrary to and unsupported by Templeman's findings. The circuit court noted that plaintiff was "dependant on the language used by Dr. Templeman," and allowed defendant to supplement the record with a response from Templeman to clarify the

Board's phrase "present severe emotional disturbance." Templeman subsequently diagnosed plaintiff's psychological state as

"AXIS I:    Dysthymia Disorder 300.4
"AXIS II:   Antisocial Personality Disorder 301.7"

Defendant also submitted an affidavit from Templeman that read, in part:

"The term 'present severe emotional disturbance' is not a recognized diagnosis listed in the DSM-IV, or generally recognized by psychiatrists or psychologists diagnosing mental conditions. The term might be used to *describe* a diagnosis.

"I did not make a determination as to whether or not [plaintiff] suffered from a present severe emotional disturbance. I provided a clinical workup and my diagnostic impressions of [plaintiff's] psychological condition."

The circuit court granted plaintiff's motion for summary judgment. The court noted that even if it assumed that the Axis I and Axis II diagnoses constituted a present severe emotional disturbance, there was still nothing in Templeman's evaluation from which an inference could be drawn that plaintiff would be a danger to the community on his release. As a result, the circuit court ordered plaintiff freed on parole within 30 days of its order, unless the Board had within that time made a diagnosis of a present severe emotional disturbance so as to constitute a danger to the health or safety of the community. Defendant did not produce that diagnosis, and plaintiff was paroled; this appeal followed.

Defendant's sole assignment of error is that the circuit court erred in granting plaintiff's motion for summary judgment. Defendant argues first that under ORS 144.125(3) (1991), it is the Board, not an examining psychologist, that independently determines whether an inmate has a present severe emotional disturbance that constitutes a danger to the community. In support of that position, defendant relies on *Weidner v. Armenakis*, 154 Or App 12, 959 P2d 623 (1998), *withdrawn by order* July 13, 1998, *reasoning reaffirmed and readopted Merrill v. Johnson*, 155 Or App 295, 964 P2d 284, *rev den* 328 Or 40 (1998), where we concluded that ORS

144.125(3) did not require a psychiatric or psychological diagnosis to that effect for the Board to find such a condition existed. Second, defendant argues that the evidence presented to the circuit court was sufficient to permit the Board to make such a determination and, therefore, postpone plaintiff's parole release. We review decisions granting summary judgment for errors of law. *Jones v. General Motors Corp.*, 325 Or 404, 939 P2d 608 (1997). In doing so, our purpose is to ascertain whether genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law. *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978). For the reasons that follow, we agree with plaintiff and affirm the judgment of the circuit court.

In *Peek*, we recently held that, for crimes committed before April 5, 1990, the broad construction we gave ORS 144.125(3) in *Weidner* is not controlling. 160 Or App at 262. We found that the Board rule in effect at the time—OAR 225-60-006 (1988)[1]—did in fact require a formal psychiatric or psychological finding that a prisoner suffered from a dangerous emotional disturbance before the Board could extend the prisoner's release date. 160 Or App at 265. Under that rule, the Board's role was to determine from the psychiatric or psychological reports *alone* whether there was a diagnosis that gave it authority to extend a prisoner's release date. 160 Or App at 263. We also noted in *Peek* that, because OAR 225-60-006 (1988) was more favorable to the plaintiff than *Weidner* held ORS 144.125(3) to be, it would violate the prohibition against *ex post facto* laws to apply the statute rather than the rule to his situation. The same rationale applies to plaintiff here.

---

[1] The relevant portions of the rule are subsections (7) and (8):

"(7) The Board may order a psychiatric/psychological report anytime prior to release. If the record indicates that a psychiatric or psychological condition of severe emotional disturbance, such as to constitute a danger to the health or safety of the community, is present, the Board may consider deferring parole release until a specified future date.

"(8) If the evaluation does not make a finding of severe emotional disturbance such as to constitute a danger to the health or safety of the community, the Board shall affirm the parole release date and set parole conditions."

■■ Plaintiff's offenses occurred before the 1990 amendment of OAR 225-60-006 (1988), placing him, like the plaintiff in *Peek*, within the purview of the rule. Defendant's arguments relying on ORS 144.125(3) and the attendant rationale of *Weidner* are therefore misplaced in this context. Under the rule, without a psychiatric or psychological finding that a prisoner possesses a severe emotional disturbance that would endanger the community, the Board must affirm the parole release date and set parole conditions. OAR 255-60-006(8) (1988). Defendant's assertion that the evidence presented to the circuit court was sufficient to permit the Board to postpone plaintiff's parole is also misplaced. In submitting Templeman's affidavit to the circuit court, defendant all but conceded that the evidentiary linchpin needed under the administrative rule to defer plaintiff's release was missing. Templeman clearly stated that he made no determination as to whether plaintiff suffered from a present severe emotional disturbance.

In its summary judgment order, the circuit court correctly noted that "the Board was required to have a specific diagnosis by a psychologist or psychiatrist in order to defer release." The court also stated that, even if Templeman's subsequent Axis I and II diagnosis could be construed as evidence of a present severe emotional disturbance, there was nothing in it from which to infer that plaintiff would be a danger to the community. Having specified what was required to defer plaintiff's release, the circuit court then gave defendant 30 days in which to make the requisite findings, which defendant failed to do. In light of these facts and our holding in *Peek*, we cannot say that the trial court erred in granting summary judgment for plaintiff.

Affirmed.