Argued and submitted January 19, affirmed July 7, 1999

## GARY RAY GODLESKE,
*Appellant,*

*v.*

## Mitch MORROW,
Acting Superintendent,
Oregon State Penitentiary,
*Respondent.*

(98 C 13716; CA A103288)

984 P2d 339

Jay Edwards argued the cause and filed the brief for appellant.

Judy C. Lucas, Assistant Attorney General, argued the cause and filed the brief for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

ARMSTRONG, J.

---

\* Deits, C. J., *vice* Warren, P. J., retired.

## ARMSTRONG, J.

Plaintiff appeals a judgment dismissing a writ of habeas corpus that challenged the lawfulness of a decision by the Board of Parole and Post-Prison Supervision to extend his parole release date by two years. He contends that the Board acted unlawfully by failing to follow the statutes and· rules on extending release dates that were in effect at the time that he committed the offenses for which he was convicted. We affirm.

The offenses for which plaintiff was imprisoned took place in 1983. He was scheduled for release on parole on December 6, 1997. On June 18, 1997, the Board extended his release date to December 6, 1999. The Board's order stated:

"The Board considered all of the information presented at Mr. Godleske's hearing, including, but not limited to, the findings made by Dr. Frank Colistro in his psychological evaluation. Considering all of the above, the Board found that Mr. Godleske continues to suffer from a present severe emotional disturbance such as to constitute a danger to the health or safety of the community."

Plaintiff first argues that the 1981 version of ORS 144.125(3), which was in effect when he committed his offenses in 1983, required the Board to adhere to its original release date for him unless he had been diagnosed by a psychiatrist or a psychologist as having a present severe emotional disturbance that constituted a danger to the health or safety of the community.[1] Because Dr. Colistro did not make such a specific diagnosis, plaintiff argues that the Board could not extend his release date. We resolved the issue of whether the Board must rely solely on a psychologist's or psychiatrist's diagnosis in extending a parole release date in *Weidner v. Armenakis*, 154 Or App 12, 959 P2d 623 (1998), *withdrawn by order* July 13, 1998, *reasoning reaffirmed and adopted Merrill v. Johnson*, 155 Or App 295, 964 P2d 284, *rev*

---

[1] ORS 144.125(3) (1981) provided:

"If a psychiatric or psychological diagnosis of present severe emotional disturbance such as to constitute a danger to the health or safety of the community has been made with respect to the prisoner, the board may order the postponement of the scheduled parole release until a specified future date."

*den* 328 Or 40 (1998). There we stated that the 1991 version of ORS 144.125(3) did not require such a psychiatric or psychological diagnosis. The 1981 version of ORS 144.125(3) is identical to the 1991 version of it, and, therefore, our ruling in *Weidner* applies with equal force here.[2]

Plaintiff further argues, however, that the Board's administrative rules that were in effect when he committed his crimes in 1983 required a psychiatric or psychological diagnosis of a present severe emotional disturbance before the Board could extend a release date. We addressed a similar argument in *Peek v. Thompson,* 160 Or App 260, 980 P2d 178 (1999), and concluded that the rules in effect in 1988, which was the year in which the plaintiff in that case had committed his offenses, did, indeed, require such a psychiatric or psychological diagnosis. The dispositive rules in that case were OAR 255-60-006(7) and (8) (1988), which provided:

"(7) The Board may order a psychiatric/psychological report anytime prior to release. If the record indicates that a psychiatric or psychological condition of severe emotional disturbance, such as to constitute a danger to the health or safety of the community, is present, the Board may consider deferring parole release until a specified future date.

"(8) *If the evaluation does not make a finding* of severe emotional disturbance such as to constitute a danger to the health or safety of the community, *the Board shall affirm the parole release date and set parole conditions.*"

(Emphasis added.) We concluded that the 1988 version of OAR 255-60-006 expressly required the Board to affirm a release date unless the psychiatric/psychological *evaluation* made the findings contemplated by ORS 144.125(3). 160 Or App at 264-65. Accordingly, we remanded the case to the Board for it to determine whether the psychologist's report in that case satisfied the rule.

The version of the rule that we relied on in *Peek* was not in effect at the time that plaintiff committed his offenses.

---

[2] Although we withdrew our opinion in *Weidner* as moot, for convenience we refer to that case in this opinion rather than to *Merrill,* which reaffirmed and readopted our reasoning in *Weidner,* because *Weidner* contains our full analysis.

The applicable rule at that time was OAR 255-60-005(4) (1982), which provided, in relevant part:

> "If the record indicates that a psychiatric or psychological condition of severe emotional disturbance, such as to constitute a danger to the health or safety of the community, is present, the Board may order the postponement of the scheduled parole release until a specified future date or until the prisoner or institution presents evidence that the emotional disturbance is over or is in remission[.]"

The rule goes on to state that the Board *may* order a psychiatric or psychological evaluation, OAR 255-60-005(4)(a) (1982), and, if ordered, what the evaluation should contain, OAR 255-60-005(4)(b) (1982). Unlike the rule in *Peek*, the 1982 version of OAR 255-60-005 does not indicate that the diagnosis required by ORS 144.125(3) *must* come from the evaluation. Indeed, the language of the rule is, for all intents and purposes, identical to that of the version of ORS 144.125(3) that was in effect at the time. The language that we found dispositive in *Peek* was added later and, therefore, unlike in *Peek*, the rule here does not impose limits on the Board that are not found in the statute. Accordingly, we conclude that the trial court did not err in dismissing plaintiff's habeas corpus petition.

Affirmed.