On appellant's petition for reconsideration filed July 28, 1999, motion for reconsideration granted, opinion (160 Or App 377, 982 P2d 18 (1999)) withdrawn, judgment for plaintiff reversed and remanded for further proceedings
January 12, 2000

## DAVID S. GIBLIN,
*Respondent,*

*v.*

## Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Appellant.*

(97-04-28708M; CA A98637)

994 P2d 808

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Kelly Knivila, Assistant Attorney General, for petition.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

The state seeks reconsideration of our opinion affirming the trial court's summary judgment granting plaintiff's request for habeas corpus relief. *Giblin v. Johnson*, 160 Or App 377, 982 P2d 18 (1999). For the reasons discussed below, we allow the motion for reconsideration, withdraw our former opinion, reverse the trial court and remand for further proceedings.

Plaintiff was convicted in 1992 of sodomy and rape in the first degree and received concurrent 20-year sentences. In 1995, the Board of Parole and Post-Prison Supervision (Board) conducted a parole hearing. The Board found that plaintiff posed a danger to the health and safety of the community. It postponed plaintiff's parole, even though a psychological evaluation of plaintiff prepared for the parole hearing did not find that plaintiff posed a danger to the community. Plaintiff eventually filed a writ of habeas corpus to secure his parole. The trial court held that the pre-1993 version of ORS 144.125 applied to plaintiff's writ. It further held that the statute required a formal psychological finding of present severe emotional disturbance such as to constitute a danger to the health or safety of the community before the Board could postpone plaintiff's parole. Because there was no such psychological finding in the record, the trial court granted plaintiff's writ.

In *Giblin*, we affirmed the trial court on an alternative ground, reasoning that our holding in *Peek v. Thompson*, 160 Or App 260, 980 P2d 178 (1999), applied because plaintiff committed his crimes before January 1, 1990. *Giblin*, 160 Or App at 381. In *Peek*, we held that it would be an *ex post facto* violation to apply any standard other than OAR 255-60-006 (1988) if a plaintiff committed his or her crime(s) during the effective period of that rule. *Id.* at 266. At the time we decided *Giblin* and *Peek*, we had held that both the pre- and post-1993 versions of ORS 144.125(3) did not require the Board to have a formal psychological finding to enable postponement of parole. *Weidner v. Armenakis*, 154 Or App 12, 17-18, 959 P2d 623, *withdrawn by order* July 31, 1998, *reasoning reaffirmed and adopted Merrill v. Johnson*, 155 Or App 295, 964

P2d 284, *rev den* 328 Or 40 (1998); *see Meadows v. Scheidler*, 143 Or App 213, 218-20, 924 P2d 314 (1996). However, in *Peek* we determined that the Board's 1988 administrative rule required a formal finding in a psychological evaluation that a prisoner suffers from a severe emotional disturbance posing danger to the community before the Board could issue an order postponing parole. *Id.* at 265.

In deciding *Giblin*, we neglected to determine whether plaintiff committed his crimes during the effective period of the 1988 administrative rule. Rather we found only that plaintiff committed his crimes before 1990. *Id.* at 382. The effective dates of the 1988 administrative rule were May 19, 1988, through April 4, 1990.[1] We have since determined that the 1982 administrative rule did not require a formal finding in a psychological evaluation that a prisoner suffers from a severe emotional disturbance posing danger to the community before the Board could issue an order postponing parole on that basis. *Godleske v. Morrow*, 161 Or App 523, 984 P2d 339 (1999). The effective dates of the 1982 administrative rule were May 1, 1982, through May 30, 1985.[2]

The record is scant regarding precisely when plaintiff committed his offenses. The state points out that plaintiff pleaded guilty to an indictment charging that he committed his offenses "on and between September 1, 1984, and March 12, 1992." The state argues that by pleading guilty plaintiff "assented to the broadest construction of his pleas," namely that the state could prove that he committed the offense on any of the dates alleged in the indictment. The state relies on *Hibbard v. Board of Parole,* 144 Or App 82, 88, 925 P2d 910 (1996), *vacated* 327 Or 594, 965 P2d 1022 (1998) (vacated in light of *Noble v. Board of Parole*, 327 Or 485, 964 P2d 990 (1998)). The state argues that we must, therefore, assume that plaintiff committed his offenses as early as September 1,

---

[1] We do not comment on the Board's ability, in light of ORS 144.050 and ORS 137.669, to apply that rule to prisoners who commit their crimes on or between November 1, 1989, and April 4, 1990.

[2] An administrative rule was filed and effective from May 31, 1985, through May 18, 1988. Because plaintiff's crimes could have occurred during the effective dates of the 1982 administrative rule, it is not necessary for us to determine the substantive requirements of that 1985 administrative rule.

1984. The record establishes that plaintiff's crimes could have occurred while the 1982 rule was in force.

In his petition for habeas corpus relief, plaintiff alleged that he committed his crimes "before 1990." Plaintiff also admitted that the crimes occurred during a five-year period, which would date the crimes to after 1984 and before 1990. Thus, the record indicates that plaintiff could have committed his crimes during January 1, 1985, through May 30, 1985, while the 1982 administrative rule applied.

Plaintiff, therefore, has not established that he is entitled to relief by demonstrating that the 1988 administrative rule applied to his case. Neither the applicable statute nor the applicable administrative rule required a psychological finding that plaintiff suffered from a severe emotional disturbance posing danger to the community before the Board could postpone his parole. Accordingly, we grant the motion for reconsideration, withdraw our former opinion, reverse judgment in favor of plaintiff, and remand for further proceedings.

Motion for reconsideration granted, opinion withdrawn, judgment in favor of plaintiff reversed and remanded for further proceedings.