Willie F. HESS, Petitioner—Appellant,

v.

Jean HILL, Superintendent,
Respondent—Appellee.

No. 07–35139.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2007.

Filed Jan. 29, 2008.

Anthony David Bornstein, Esq., Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Lester R. Huntsinger, Esq., Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: FISHER and BERZON,
Circuit Judges, and BARZILAY, Judge.*

* The Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.

638

MEMORANDUM **

Willie Fern Hess appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus. In this petition, Hess challenges the November 2001 decision of the Oregon Board of Parole and Post–Prison Supervision ("Board") to postpone his parole release date because it found that he exhibits "a psychiatric or psychological diagnosis of a present severe emotional disturbance such as to constitute a danger to the health or safety of the community." Or.Rev.Stat. § 144.125(3) (1991). Hess argues that section 144.125(3) is unconstitutionally vague and that the Board violated the Ex Post Facto Clause by applying the statute to him. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253 and we affirm.

1. *Vagueness*

 Oregon Revised Statute § 144.125(3) is not facially vague because it "allows the Board to make a 'principled distinction' between those whose parole should be postponed and those whose parole should not." *Hess v. Board of Parole and Post–Prison Supervision,* 514 F.3d 909 (9th Cir.2008) (quoting *Lewis v. Jeffers,* 497 U.S. 764, 776, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)). We further hold that it was not vague as applied to Hess in November 2001, because the Board's decision was based on a psychological diagnosis that Hess suffers from Mixed Personality Disorder with Antisocial and Narcissistic Features, which the Board concluded was a severe condition such as to make Hess a danger to health or safety of the community.

2. *Ex Post Facto Clause*

 The Board may not apply a parole release statute that was not in effect at the time the prisoner committed his crimes if it "works to some significant disadvantage to the prisoner, creating a significant risk that the statute's application will increase the length of incarceration." *Brown v. Palmateer,* 379 F.3d 1089, 1095 (9th Cir. 2004) (internal quotation marks omitted). The Oregon courts have held that the pre–1993 version of Oregon Revised Statute § 144.125(3), which existed at the time Hess committed his offenses, requires a "psychiatric or psychological diagnosis [a]s a prerequisite to the Board's consideration of whether the statutory criteria have been met." *Christenson v. Thompson,* 176 Or. App. 54, 31 P.3d 449, 451 (2001) (internal quotation marks and alterations omitted); *see also Godleske v. Morrow,* 161 Or.App. 523, 984 P.2d 339, 340 (1999). Because the Board's decision was based on a psychological diagnosis, the postponement of Hess' parole did not violate the Ex Post Facto Clause.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.