Argued and submitted April 8, Court of Appeals and trial court affirmed
September 9, 1987

TERRY P. HEDIN,
*Petitioner on Review,*

*v.*

CUPP,
*Respondent on Review.*

(TC 151,494; CA A38167; SC S33389)

742 P2d 604

Jay R. Jackson, Salem, argued the cause and filed the petition for petitioner on review.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent on review.

LENT, J.

### LENT, J.

In this post-conviction proceeding the issue is whether in the proceedings resulting in petitioner's conviction there was a substantial denial of his constitutional rights so as to render his conviction void.[1] We hold there was no denial of his constitutional rights.

Petitioner was arrested and charged with robbery in the first degree, being an ex-convict in possession of a firearm and unauthorized use of a motor vehicle. His appointed counsel filed a motion to suppress certain evidence, and that motion was denied. Plea negotiations ensued and resulted in an agreement that petitioner would stipulate that certain evidence could be produced by the state, that the state would dismiss the charge of unauthorized use of a motor vehicle and that the state would seek only concurrent sentences if the criminal trial court found petitioner to be guilty of the other two charges.

The criminal trial court found petitioner to be guilty of the charges of robbery in the first degree and being an ex-convict in possession of a firearm. For the crime of robbery, the court imposed a sentence of not to exceed 20 years and, pursuant to ORS 144.110(1), imposed a minimum term of 10 years to be served.[2] For the crime of being an ex-convict in possession of a firearm, the court imposed a sentence of not to exceed five years with a minimum term of two and one-half years to be served. The sentences were to be served concurrently.

---

[1] ORS 138.530(1) provides in pertinent part:

"Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:

"(a) A substantial denial in the proceedings resulting in petitioner's conviction * * * of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void."

[2] ORS 144.110(1) provides:

"In any felony case, the court may impose a minimum term of imprisonment of up to one-half of the sentence it imposes."

In common parlance, a sentence under this statute is called a "mandatory" minimum, apparently because one so sentenced is not eligible for release on parole until the minimum term has been served unless four of the five members of the Board of Parole vote for earlier release. ORS 144.110(2)(a).

Petitioner appealed and assigned as error only the denial of his motion to suppress evidence. The Court of Appeals affirmed from the bench. *State v. Hedin,* 63 Or App 531, 667 P2d 581 (1983).

In this post-conviction proceeding, petitioner alleged that

(1) his appointed criminal trial counsel failed to advise him of the possibility of a minimum sentence and that had petitioner known of that possibility it would have materially affected his decision to proceed on a "stipulated facts trial,"[3]

(2) his appellate counsel rendered inadequate assistance by "failure to appeal the sentence which was imposed,"

(3) the prosecuting attorney had an ex parte contact with the sentencing judge prior to sentencing,

(4) his trial counsel was inadequate in failing to object to material in the presentence report concerning petitioner's juvenile record and allegations of other criminal charges involving petitioner and

(5) the presentence investigator withheld information from petitioner's trial counsel that prejudiced counsel's ability adequately and properly to represent petitioner.

The post-conviction court found that petitioner had failed to sustain his burden of proof on any of his allegations

---

[3] Throughout appeal and this review, the parties have referred to this as a stipulated "facts" trial. It is not at all clear that the parties on the occasion of the trial of the criminal charges stipulated to "facts." At one point petitioner's trial counsel stated that the court was to be the "finder of fact." At another he stated that petitioner had agreed that the "facts" could be presented to the court by oral representations of the prosecuting attorney and that trial counsel would then stipulate "that those are the facts the prosecution has at its disposal." The prosecuting attorney orally presented to the court what he termed to be the "facts." When that presentation was completed, petitioner's trial counsel stated: "I agree and stipulate the State could present that evidence." The trial court then stated that on the "stipulated facts" he found petitioner guilty of both charges.

It would be better practice to state clearly whether a defendant is agreeing that the state would be able to present certain evidence on which the factfinding function might be exercised or, on the other hand, that a defendant is agreeing what the historical facts were.

and specifically found that petitioner had not been denied "effective" assistance of trial or appellate counsel.[4] The court concluded that petitioner was not entitled to post-conviction relief and entered judgment dismissing the petition.

Petitioner appealed, and the Court of Appeals affirmed without opinion. *Hedin v. Cupp,* 81 Or App 445, 725 P2d 950 (1986).

We shall discuss petitioner's contentions on appeal and review in the order set forth above as the allegations of his complaint.

### 1. Failure of appointed criminal trial counsel to advise of possibility of minimum sentence.

The failure of an appointed criminal trial counsel to advise a defendant of the possibility of a minimum sentence under ORS 144.110(1) prior to entry of a guilty plea constitutes inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution and may be sufficient to render a judgment on the guilty plea void if the defendant is otherwise unaware of the possibility prior to entry of a guilty plea. *Hartzog v. Keeney,* 304 Or 57, 742 P2d 600 (1987). In the instant case, petitioner had the burden of persuasion to convince the trier of fact by a preponderance of the evidence that his appointed counsel did not give him this advice. ORS 138.620(2). Petitioner testified that his trial counsel did not give him such advice. An exhibit received in evidence contains a statement by counsel that he did indeed "inform Mr. Hedin about the possibility of minimum mandatory sentences." The post-conviction court found that petitioner had not convinced the court by a preponderance of the evidence that his criminal trial counsel had failed to advise him of the possibility of imposition of a minimum sentence. That finding is supported by evidence and is binding on the Court of Appeals and this court. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968). Petitioner's claim of inadequate assistance of counsel under the Oregon Constitution fails.

---

[4] Article I, section 11, of the Oregon Constitution does not guarantee "effective" assistance of counsel, only "adequate" assistance of appointed counsel. *Krummacher v. Gierloff,* 290 Or 867, 872 n 3, 627 P2d 458 (1981).

## 2. Failure of appellate counsel to appeal the sentence.

We find no argument whatsoever in petitioner's brief to the Court of Appeals or in his petition for review in this court to support the contention that his appellate counsel should have appealed his sentence. At the time petitioner's appeal was taken, he could have appealed from a sentence which was cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense. *Former* ORS 138.040 and 138.050. There is absolutely no evidence in this record from which the post-conviction court could find that sentence appeal by this petitioner would have had the remotest chance of success. What evidence is in the record is overwhelmingly to the contrary.

If by this contention petitioner is relying on the alleged failure of his criminal trial counsel to advise him of the possibility of a minimum sentence, he loses on that factual issue as explained above.

## 3. Ex parte contact by prosecuting attorney.

Petitioner's evidence, in the light most favorable to him, on this issue is that the presentence investigator was allowed unlimited access to the prosecuting attorney's (and the district attorney's office) files concerning petitioner. Petitioner argues:

> "[T]he district attorney committed prosecutorial misconduct by communication through his file to the presentence writer without making the content of those communications known to Petitioner, and as a result, accomplishing ex parte contact with the sentencing court while Petitioner was awaiting sentencing."

It must be recalled that ORS 138.530(1)(a) does not provide for post-conviction relief except for denial of constitutional rights resulting in conviction. This claim raises the question of when conviction is accomplished for the purpose of the statute. Prior to the preparation of the presentence investigation report, petitioner had been found guilty by the factfinder, but, of course, sentence had not yet been pronounced. ORS 138.040 (as does ORS 138.050) speaks to a judgment "on" conviction, which may imply that conviction takes place prior to entry of a judgment. We assume, without deciding, that conviction for the purpose of ORS 138.530(1) did not take

place until there was a judgment on conviction. On that assumption we examine this claim.

■ Nowhere does petitioner advise us by citation to constitutional text or court decision what constitutional right was denied to him by the district attorney's communications to the presentence investigator. In this proceeding petitioner expressly admitted that there was no inaccuracy in the presentence investigation report. There were no errors that could have been corrected under the procedure afforded by ORS 137.079(4).[5] Assuming that this was indeed an ex parte communication by the district attorney (and we do not so hold), it produced no information to the court other than the truth, as admitted by petitioner.

### 4. Failure of trial counsel to object to material in the presentence report.

■ This is a claim of inadequacy of counsel's assistance under the state and federal constitutions. Petitioner testified that his juvenile record from Minnesota and Michigan should not have been mentioned in the presentence report and that his counsel was derelict in failing to object to the judge considering it. At the most, this is an attack on the actions of whatever officials from those states made the records available. They were available to the presentence investigator in this state. ORS 419.584(4)(f) provides that juvenile records of this state are available to a sentencing court:

"(4) Fingerprint and photograph files or records of a child shall be kept separate from the records and files of adults and shall be open to inspection only by, or the contents disclosed only to, the following:

"* * * * *

"(f) A criminal court for the purpose of a presentence report or other dispositional proceeding following conviction of a criminal offense; * * *."

---

[5] ORS 137.079(4) provides:

"The defendant may file a written motion to correct the criminal history contained in the presentence report prior to the date of sentencing. At sentencing, the court shall consider defendant's motion to correct the presentence report and shall correct any factual errors in the criminal history contained in that report. An order allowing or denying a motion made pursuant to this subsection shall not be reviewable on appeal. If corrections are made by the court, only corrected copies of the report shall be provided to individuals or agencies pursuant to ORS 137.077."

The public policy of this state, as declared by the legislature, is that a sentencing court shall have the offender's juvenile record. We discover no denial of state or federal constitutional rights in this respect.

Petitioner also contends under this claim that his trial counsel should have objected to information in the presentence report concerning allegations of other criminal charges. The report contains the following:

> "DETAINERS OR PENDING CHARGES: Michigan Department of Corrections, warrant #B1393026 issued 05.20.82, charging parole violation for the original offenses of Murder In The Second Degree (two counts). Defendant, who was convicted using the name of Ivan Gideon Landau, dob 10.15.53, was released on parole 01.15.82 and absconded 05.07.82.

> "Available information further indicates that warrants have already been served against defendant: Robbery In The First Degree, Portland, Oregon; Armed Robbery, Kent County, Michigan; and Murder, Barren County, Kentucky."

Further, the report shows that when arrested on the instant charge, petitioner told the police that "he had, in fact, robbed two Portland banks on 06.04.82 and 06.07.82 [the day before the instant offense]. Defendant also related to police details of an alleged crime spree while he was on parole abscond status."

■ On trial of the instant case, petitioner testified that the other warrants mentioned had not been served on him at the time the criminal trial judge considered the presentence report and that petitioner had not been tried on those charges. The presentence report, which was offered by petitioner and received in evidence in the instant case, is evidence that the warrants had been served. In light of petitioner's concession in his testimony in the instant case that the report is accurate, we can discern no substantial denial of petitioner's constitutional rights to adequate assistance of counsel for failure to object to these matters in the report.

### 5. Presentence investigator's withholding of information from petitioner's criminal trial counsel.

■ Petitioner has alleged in the complaint in this proceeding that the presentence investigator withheld information from petitioner's trial counsel that prejudiced his ability

adequately to represent petitioner. Our review of the transcript and of the exhibits discloses that the probable subject of complaint here is that the presentence reporter withheld from trial counsel parts of petitioner's juvenile records. There is not one bit of evidence as to what those parts, if they existed, would have revealed. Understandably, appellate counsel in the instant matter is unable to argue what they showed or how petitioner was prejudiced in this respect. The post-conviction court properly rejected this nonsensical claim.

## Further claimed error.

Petitioner has made three assignments of error arising from the trial of this post-conviction proceeding. He contends:

(1) The court erred in denying his request for postponement.

(2) The court erred in denying his request for new counsel.

(3) The court erred in denying his request for "post-trial depositions" of the criminal trial district attorney and the presentence report author.

Petitioner was called as first witness in this trial. He stated:

"I'd like to ask for a continuance until we can get some further depositions and subpoena the D.A.'s file and the prosecutor's file so that you can see whatever comments were made by the D.A.'s [sic] in their file when they gave it to the PSI writer. And if we can't do that, I'd like to get appointed a different attorney."

The court denied the motion for continuance and for a new attorney.

In his brief in the Court of Appeals, petitioner asserted:

"Petitioner's post-conviction counsel was not prepared for trial and was not prepared to present evidence in support of Petitioner's post-conviction claims."

He argues that the lack of preparedness was the failure to obtain the depositions and file mentioned in his statement. He makes no attempt to show how he was prejudiced by the

failure to have on hand "whatever comments" might be in those files. In light of our discussion concerning the accuracy of the presentence report, which is what the sentencing judge saw, we do not see what relevancy there might have been to sentencing in something the judge did not see.

Petitioner gave no reasons to the trial judge as to why he was entitled to new counsel. The trial judge did not abuse his discretion by denying that request.

Petitioner's trial counsel finally moved to supplement the record with depositions of the presentence reporter and the "District Attorney's office" and to examine the information in the district attorney's file that might have been given to or seen by the reporter. The motions were denied. For the reasons we have already discussed, there is nothing to show that the sentencing judge had any information before him other than what was in the presentence report, which petitioner concedes he saw prior to sentencing and concedes was accurate. There is no error in this respect.

The decision of the Court of Appeals and the judgment of the trial court are affirmed.