Argued and submitted January 31, complaint dismissed May 31, 1989

In re Complaint as to the Conduct of
## JOHN L. COLLINS,
*Accused.*

(OSB 86-96; SC S35442)

775 P2d 312

Donald L. Williams, Assistant Disciplinary Counsel, Lake Oswego, argued the cause and filed the brief for the Oregon State Bar.

Paul J. De Muniz, Salem, argued the cause and filed the brief for the accused.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Michael C. Livingston and Erik

Wasmann, Assistant Attorneys General, Salem, filed a brief on behalf of *amicus curiae* Department of Justice.

Douglas E. Beloof and Michael D. Schrunk, District Attorney, Portland, filed a brief on behalf of *amicus curiae* Multnomah County Victims Assistance Program.

Ed Hagen, Eugene, filed a brief on behalf of *amici curiae* Oregon District Attorney's Association and Oregon Criminal Defense Lawyers Association.

PER CURIAM

## PER CURIAM

This is a lawyer disciplinary proceeding instituted by the Oregon State Bar against John L. Collins. The Bar charges that Collins violated ORS 137.077,[1] by disclosing information from a presentence report (PSR) to a crime victim and that he thereby also violated *former* DR 1-102(A)(5) [current DR 1-102(A)(4)][2] and DR 7-102(A)(8)[3] of the Code of Professional Responsibility (Disciplinary Rules). The Bar's trial panel found that Collins did not violate ORS 137.077 and, therefore, did not violate the disciplinary rules. The Bar petitions for review. On *de novo* review, ORS 9.536(3), we agree with the trial panel and dismiss the complaint.

We take the facts from the trial panel's findings, which the parties accept. Collins was and is the District Attorney for Yamhill County. His office conducted a crime victims assistance program. *See* ORS 147.227(2); 147.259(5)(a). Nancy Mahi was a volunteer crime victims advocate working

---

[1] ORS 137.077 provides:

"The presentence report is not a public record and shall be available only to:

"(1) The sentencing court for the purpose of assisting the court in determining the proper sentence to impose and to other judges who participate in a sentencing council discussion of the defendant.

"(2) The Department of Correction, State Board of Parole and other persons or agencies having a legitimate professional interest in the information likely to be contained therein.

"(3) Appellate or review courts where relevant to an issue on which an appeal is taken or post-conviction relief sought.

"(4) The district attorney, the defendant or the counsel of the defendant, as provided in ORS 137.079."

[2] *Former* DR 1-102 provided in part:

"(A) A lawyer shall not:

"* * * * *

"(5) Engage in conduct that is prejudicial to the administration of justice."

*Current* DR 1-102 provides in part:

"(A) It is professional misconduct for a lawyer to:

"* * * * *

"(4) Engage in conduct that is prejudicial to the administration of justice."

[3] DR 7-102 provides in part:

"(A) In the lawyer's representation of a client, a lawyer shall not:

"* * * * *

"(8) Knowingly engage in other illegal conduct or conduct contrary to a Disciplinary Rule."

in Collins' office. As such, she was under Collins' ultimate supervision. Prior to the incidents involved in this case, Mahi received training from Collins' office with regard to the disclosure of PSR information to persons outside Collins' office. Collins' policy was to disclose PSR information on a case-by-case basis where such disclosure was in furtherance of the prosecution function. Specifically, it was his policy to disclose PSR information to crime victims on their request.

Collins personally prosecuted John Nelson, who was convicted of criminally negligent homicide in connection with the death of Gary Halstead. The charge arose out of an incident in which Nelson had caused a motor vehicle collision while intoxicated. Tippner, a Marion County Community Corrections employe, was assigned to write Nelson's PSR. He called Dawn Halstead, the victim's widow, to obtain her statement.[4] Mrs. Halstead felt that Tippner had been rude, insensitive, and overly sympathetic to Nelson. She called Mahi, the volunteer assigned to assist the Halstead family, and complained. Mahi relayed Mrs. Halstead's concerns to Collins. He told Mahi to review the victim's impact portion of the PSR with Mrs. Halstead. Collins neither instructed Mahi to review other PSR information with Mrs. Halstead, nor did he instruct her not to do so.

Mahi called Mrs. Halstead and discussed the victim's impact portion of the PSR, disclosing PSR information. The two women had a number of other meetings during which Mahi disclosed other PSR information in response to Mrs. Halstead's questions. Mahi never gave or even showed Mrs. Halstead a copy of the PSR. Mahi's disclosures were in accordance with Collins' policies. He had known that it was

---

[4] ORS 144.790 provides in part:

"(2) Whenever a presentence report is made, the preparer of the report shall make a reasonable effort to contact the victim and obtain a statement describing the effect of the defendant's offense upon the victim. * * * The preparer of the report shall include the statement of the victim in the presentence investigation report. * * *

"* * * * *

"(4) As used in this section, 'victim' means the person or persons who have suffered financial, social, psychological or physical harm as a result of an offense, and includes, in the case of any homicide, an appropriate member of the immediate family of any such person."

ORS 137.530(2) and (4) contain similar language.

likely Mahi would make the disclosures in the manner she made them. Disciplinary hearing exhibits established that most, if not all, of the information in Nelson's PSR had been disclosed.

After the disclosures, Mrs. Halstead was too upset to write to the sentencing judge. Accordingly, Mahi wrote a letter to the judge expressing Mrs. Halstead's feelings and giving Mahi's opinions. Ron Halstead, the decedent's brother, also wrote to the judge. His letter revealed that he had knowledge of PSR information. The letters were· forwarded to Collins who, after giving due notice to defense counsel, incorporated them into a motion to supplement the PSR. Over Nelson's objection, the sentencing judge read the letters, as well as numerous other letters submitted by defense counsel on Nelson's behalf. Nelson later complained to the Bar about the disclosure of PSR information by Collins, and the present proceeding followed.

The Bar argues that ORS 137.077 prohibits the disclosure of PSR information to anyone not designated in the statute. The Bar concedes that ORS 137.077 did not preclude giving a copy of Nelson's PSR to Mahi as a member of Collins' staff to aid her in assisting the Halstead family. Collins argues that the absence of any express prohibition against disclosure of PSR information and the lack of any sanction for disclosure show that the statute does not prohibit the disclosures made here.[5] In construing statutes, this court's duty is to discern and declare the intent of the legislature. ORS 174.020. In doing so, we start with the language of the statute itself. *See Whipple v. Howser,* 291 Or 475, 479, 632 P2d 782 (1981).

ORS 137.077 provides in part: "The presentence report is not a public record * * *." The ostensible intent of this clause is to exempt PSRs from mandatory disclosure under the Public Records Law. ORS 192.420.[6] In the context

---

[5] Collins also argues that the Bar's interpretation conflicts with Article I, sections 8 and 10, of the Oregon Constitution, and the First Amendment to the United States Constitution. Because we hold that Collins did not violate ORS 137.077, we need not consider those arguments.

[6] ORS 192.420 provides:

"Every person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.501 to 192.505."

ORS 192.502(6), effective July 20, 1987, now specifically exempts reports made to or filed with the court under ORS 137.077 from public records law disclosure.

of the Public Records Law, this clause means that a public body may not be *compelled* to disclose a PSR to the public in general.

■ ORS 137.077 further provides that "[t]he presentence report * * * shall be available only to" four categories of recipients. On its face, the statute only limits the availability of the PSR, *i.e.,* the document itself. The Bar argues, however, that the word "available" in ORS 137.077 should also encompass "disclosed" and asks this court to interpret the statute to prohibit disclosure of PSR information to any person or agency not named in the statute. The Bar's trial panel found that the word "available" means providing a physical *copy* of the PSR to an unauthorized third party. We agree. ORS 137.077 contains no express prohibition against disclosure of PSR *information* to third parties and no sanction is provided for such disclosure. Had the legislature intended to prohibit disclosure of PSR information, it could (within constitutional limits) easily have done so.[7]

ORS 137.079[8] expressly refers to *copies* of a PSR being made available to specified parties. Paragraphs (2) and (3) of the statute are concerned with the disclosure of "parts" of a PSR. The language of the different paragraphs establishes

---

[7] *See e.g.,* ORS 314.835 (prohibiting disclosure of tax information) and ORS 314.991(2) (making violation a felony); ORS 418.770(3) (governing the confidentiality of child abuse reports and investigations) and ORS 418.990(6) (making violation punishable by a fine).

[8] ORS 137.079 provides in part:

"(1) A *copy* of the presentence report * * * shall be made available to the district attorney or defendant's counsel a reasonable time before the sentencing of the defendant. * * *.

"(2) The court may except from disclosure *parts* of the presentence report * * * which are not relevant to a proper sentence, diagnostic opinions which might seriously disrupt a program of rehabilitation if known by the defendant, or sources of information which were obtainable with an expectation of confidentiality.

"(3) If *parts* of the presentence report * * * are not disclosed under subsection (2) of this section, the court shall inform the parties that information has not been disclosed and shall state for the record the reasons for the court's action. * * *.

"(4) The defendant may file a written motion to correct the criminal history contained in the presentence report prior to the date of sentencing. At sentencing, the court shall consider defendant's motion to correct the presentence report and shall correct any factual errors in the criminal history contained in that report. * * * If corrections are made by the court, only corrected *copies* of the report shall be provided to individuals or agencies pursuant to ORS 137.077." (Emphasis supplied).

that "making available" refers to distribution of PSR *copies,* while "disclosure" refers to the *information in, or parts of,* a PSR. Finally, paragraph (4) states that "only corrected copies of the report shall be provided to individuals or agencies pursuant to ORS 137.077," making it clear that ORS 137.077 only governs the distribution of PSR copies.

ORS 137.079's text identifies it as a statute primarily concerned with the PSR's *use.* In providing that the parties receive copies a "reasonable time" before sentencing, the statute reasonably suggests that both counsel will do more with a PSR than merely read it prior to sentencing. As Collins correctly argues,[9] counsel will seek to verify the information in the PSR and to correct or supplement the PSR as required. That process often will involve partial or complete disclosure of PSR information to third parties.

Much, if not all, PSR information may be obtained by counsel and, indeed, by the public in general, from other public and private sources such as police records and reports,[10] witnesses and victims, court records, and the statements of defendant and both counsel in open court. The District Attorney and defense counsel may obtain such information which later is included in a PSR by means of pretrial discovery, ORS 135.805-.873, or by *subpoena duces tecum,* ORS 136.557-.580. PSR information supporting aggravation or mitigation of punishment may also be obtained by listening to the testimony of witnesses examined in open court. ORS 137.090. If a defendant addresses the court, he may be cross-examined by the state, ORS 137.100, and his testimony is a matter of public record. If accepted, the Bar's interpretation of ORS 137.077 would preclude both counsel from reading portions of a PSR in open court at the sentencing hearing, a common practice.[11] Further, a sentencing court is required to state on the record the reasons for the sentence imposed, ORS 137.120(1), and

---

[9] *Amicus* briefs supporting Collins have been filed by the Oregon Criminal Defense Lawyers Association, the Oregon Department of Justice, the Oregon District Attorney's Association, and the Multnomah County Victims Assistance Program.

[10] *See e.g.,* ORS 181.540; 192.501(3).

[11] During oral argument in this court, the Bar's counsel conceded that Collins could have read the PSR in open court at the sentencing hearing. If present at the hearing, Mrs. Halstead would have heard Collins. If she was absent, Collins could have given her a transcript of what he had read.

such "reasons" will often be a recital of much of the PSR information.

If a defendant chooses to appeal his sentence, the parties' appellate briefs routinely disclose PSR information. The appellate court may be compelled to review the PSR to determine whether a sentence or a condition of probation is appropriate. ORS 137.077. In doing so, the court may quote or summarize PSR information in its opinion. *See, e.g., Hedin v. Cupp,* 304 Or 66, 72-4, 742 P2d 605 (1987). Once disclosed in open court, PSR information is available to the public.[12]

■ We conclude that the Bar's interpretation of ORS 137.077 is not supported by the language of the statute or by the practical realities of the criminal justice decision making process. We hold that Collins did not violate ORS 137.077 when Mahi disclosed PSR information to Mrs. Halstead. Because the Bar's charged violation of *former* DR 1-102(A)(5) and DR 7-102(A)(8) are dependent on Collins' conduct constituting a violation of ORS 137.077, we hold that the Bar has stated no valid complaint against Collins. Accordingly, we dismiss the complaint.

The complaint is dismissed. The accused is awarded his actual and necessary costs and disbursements. ORS 9.536(4).

---

[12] The Bar's interpretation of ORS 137.077 would also appear to contravene subsequent legislative policy permitting meaningful participation by crime victims in the criminal justice decision making process. *See "Crime Victims' Bill of Rights,"* Or Laws 1987, ch 2, § 1. Because of that policy, PSR information eventually will be available to crime victims. *See* ORS 40.385 (victim may not be excluded from the trial); ORS 144.790 (PSR preparer must try to obtain victim's statement); ORS 137.013 (victim has right to attend sentencing and to be heard); ORS 144.120(7) (parole board must try to notify victim of any parole hearing); ORS 144.120(3), (7) (victim has right of access to information the board considers, including the PSR); ORS 144.260 (parole board must notify victim before defendant is released).

In its *amicus* brief, the Department of Justice suggests that a crime victim may be a person "having a legitimate professional interest in the information likely to be contained" in a PSR. *See* ORS 137.077(2). Collins did not make that argument before the trial panel and we do not consider it.