Submitted on respondent's motion to dismiss filed September 25, 1992, appeal dismissed February 17, 1993

MIGUEL A. NEGRON,
*Appellant,*

*v.*

G. H. BALDWIN,
Superintendent,
Eastern Oregon Correctional Institution,
*Respondent.*

(CV 91-617; CA A74015)

846 P2d 1173

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Kaye E. Sunderland, Assistant Attorney General, Salem, for the motion.

Garrett A. Richardson, Multnomah Defenders, Portland, *contra.*

Before Rossman, Presiding Judge, and Riggs and Durham, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

This is an appeal from a judgment denying post-conviction relief. Petitioner argues that (a) either the prosecutor or petitioner's lawyer should have arranged for the victim to take a rape test kit and (b) that the evidence was insufficient to support his convictions for first degree rape, first degree sexual abuse, and second degree kidnapping. The state has moved to dismiss the appeal pursuant to ORS 138.660:

> "In reviewing the judgment of the circuit court in a [post-conviction relief proceeding], the Court of Appeals on its own motion or on motion of respondent and upon receipt of the trial court file and transcript, if any, may dismiss the appeal without oral argument or submission of briefs if it finds that no substantial question of law is presented by the appeal. A dismissal of the appeal under this section shall constitute a decision upon the merits of the appeal."

We grant the motion.

The post conviction court found:

> "(1) The trial transcript demonstrates that, to reach a decision in this case, the jury had to adopt either petitioner's story or the victim's story. The jury chose to adopt the victim's story. Petitioner's counsel made every effort, within legal limits, to discredit the victim and to establish petitioner's story.
>
> "(2) Because of the conflicting stories, there was no basis for the trial court to enter a Judgment of Acquittal. If the jury chose to believe the victim, which it did, there was more than sufficient evidence to convict petitioner. * * * [L]ack of a rape test kit [was] a peripheral [matter], because the central question was whether the jury chose to believe the petitioner or the victim. Despite [counsel's] excellent effort to discredit the victim and to present petitioner's believable story, the jury chose to believe the victim."

As the state notes, those findings are supported by the record and, therefore, are binding on this court. *Hedin v. Cupp*, 304 Or 66, 742 P2d 604 (1987). Because the appeal presents no issue of law, the motion to dismiss is allowed.

Appeal dismissed pursuant to ORS 138.660.