On respondent's motion to dismiss filed April 4, appeal dismissed December 7, 1994, petition for review denied April 18, 1995 (321 Or 47)

## OLIVER NELSON BENNETT,
*Appellant,*

*v.*

## Manfred (Fred) MAASS,
*Respondent.*

(92C10388; CA A77473)

886 P2d 1043

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and R. Victoria Roe, Assistant Attorney General, for motion.

David W. Knofler and Multnomah Defenders, Inc., *contra.*

Before Riggs, Presiding Judge, and Richardson, Chief Judge; and De Muniz, Judge.

De MUNIZ, J.

## De MUNIZ, J.

Petitioner appeals from a judgment denying post-conviction relief. Respondent has moved to dismiss the appeal on the ground that it presents "no substantial question of law." ORS 138.660.[1] We agree and allow the motion.

In the post-conviction proceeding, petitioner contended, *inter alia*, that his trial attorney's failure to investigate and obtain scientific evidence that would have exonerated him denied him effective representation of counsel. The post-conviction court denied petitioner's claim and found

> "by a preponderance of the evidence that in representing the petitioner in the underlying criminal action against the petitioner, petitioner's trial defense counsel did not fail to exercise the ordinary knowledge, skill, diligence and judgment of a competent professional attorney in any of the ways claimed by petitioner in this post conviction relief action so [as] to materially affect the outcome of the criminal action or otherwise materially prejudice the petitioner."

■■ In an appeal from a post-conviction proceeding, our review is limited to questions of law. ORS 138.220; ORS 138.650; *Brock v. Wright*, 98 Or App 323, 326, 778 P2d 999 (1989). Petitioner must demonstrate a basis on which, arguably, we could conclude that he met his burden at the post-conviction hearing by showing that counsel was inadequate, resulting in prejudice.[2] Petitioner has not done so. Although petitioner disagrees with the court's findings, he offers no explanation of what "scientific evidence" his trial counsel failed to investigate or how that failure affected the outcome of the trial or prejudiced him. A general assertion that there

---

[1] ORS 138.660 provides:

"In reviewing the judgment of the circuit court in a proceeding pursuant to [the post-conviction relief statutes], the Court of Appeals on its own motion or on motion of respondent and upon receipt of the trial court file and transcript, if any, may dismiss the appeal without oral argument or submission of briefs if it finds that no substantial question of law is presented by the appeal. A dismissal of the appeal under this section shall constitute a decision upon the merits of the appeal."

[2] In order to prevail in a post-conviction proceeding on a claim of inadequate assistance of trial counsel,

"[t]he burden is on petitioner to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991).

might have been evidence that might have assisted in a defense does not present a substantial question of law for our review.

Respondent's motion to dismiss the appeal is allowed. *See Negron v. Baldwin,* 118 Or App 190, 846 P2d 1173 (1993).

Appeal dismissed.