On petitioner's motion for leave to proceed filed November 27, and petitioner's supplemental *pro se* motion for leave to proceed filed December 17; on respondent's response to motion for leave to proceed filed December 10, and respondent's response to supplemental *pro se* motion for leave to proceed filed December 30, 2002, motion for leave to proceed allowed; supplemental *pro se* motion for leave to proceed denied as moot April 17, 2003

## JERARDO RODRIGUEZ,
*Petitioner,*

*v.*

## BOARD OF PAROLE
## AND POST-PRISON SUPERVISION,
*Respondent.*

## A118811

67 P3d 970

Irene B. Taylor, Deputy Public Defender, and petitioner Jerardo Rodriguez, *pro se*, for motion.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General, for response.

Before Brewer, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

DEITS, C. J.

## DEITS, C. J.

The primary issue in this case is what constitutes a "substantial question of law" for purposes of a motion for leave to proceed filed under ORS 144.335(6), relating to judicial review of orders of the Board of Parole and Post-Prison Supervision. We conclude that a substantial question of law is presented by petitioner's motion for leave to proceed with judicial review and grant the motion.

■ Unlike the ordinary process for judicial review of decisions of other administrative agencies in which briefing directly follows the filing of the record, pursuant to legislation adopted in 2001, a petitioner on judicial review of an order of the Board of Parole and Post-Prison Supervision must first show that the judicial review presents a substantial question of law.[1] In this case, petitioner seeks judicial review of a board order that postponed his parole release date for 24 months based on the board's determination that petitioner "suffers from a present severe emotional disturbance that constitutes a danger to the health or safety of the community." Thus, petitioner's task at this point in the proceeding is to show, by motion, without the benefit of full briefing of the case and based on the record made before the board, that the challenge to the board's action in postponing petitioner's parole release date on the ground stated by the board presents a substantial question of law.

Petitioner was convicted of two counts of robbery in the first degree based on incidents that occurred in March 1983. The trial court imposed an indeterminate 20-year sentence of imprisonment with respect to the first conviction and a consecutive indeterminate 20-year sentence with respect to the second conviction. In February 1995, petitioner was convicted and sentenced for being an inmate in possession of a weapon. The board apparently established a parole release date for petitioner of September 2002. At the board's direction, petitioner participated in a psychological evaluation in

---

[1] Oregon Laws 2001, chapter 661, section 1(6), *codified at* ORS 144.335(6), provides:

"Within 60 days after being served with a copy of the record, or such further time as the court may allow, the petitioner shall file a motion for leave to proceed with judicial review based on a showing in the motion that a substantial question of law is presented for review."

January 2002. The board interviewed petitioner in March 2002. Based on that interview, the psychological evaluation, and other evidence in the record, the board determined that petitioner suffered from a present severe emotional disturbance that constituted a danger to the health and safety of the community and postponed his parole release date.[2] Petitioner timely sought administrative review of the board's order, and the board denied administrative review. Petitioner then timely filed a petition for judicial review of the board's order and has now filed a motion for leave to proceed in which he raises two questions of law.

Petitioner first asserts that the board is required to apply the version of ORS 144.125(3) that was in effect when petitioner committed the crimes that led to the convictions for which he now is being considered for parole. He further argues that ORS 144.125 (1981), the applicable version of the statute, requires that the psychiatrist or psychologist who evaluated him make a specific diagnosis that he presently suffers from a severe emotional disturbance such as to constitute a danger to the health or safety of the community. Petitioner concedes that we have decided that question adversely to his position in *Weidner v. Armenakis*, 154 Or App 12, 959 P2d 623 (1998), *dismissed by order* July 13, 1998, *reasoning readopted and reaffirmed in Merrill v. Johnson*, 155 Or App 295, 964 P2d 284, *rev den*, 328 Or 40 (1998). However, petitioner argues that the Supreme Court has not yet decided the issue and, therefore, it is a substantial question of law.

Petitioner also argues that the board's decision is not supported by substantial evidence in the record or, more precisely, that the board's order does not demonstrate that the board considered all of the evidence in the record.[3] In support

---

[2] According to the board's order, it applied the law in effect at the time petitioner committed the offenses. At the time petitioner was convicted, ORS 144.125(3) (1981) provided:

"If a psychiatric or psychological diagnosis of present severe emotional disturbance such as to constitute a danger to the health and safety of the community has been made with respect to the prisoner, the board may order the postponement of the scheduled parole release until a specified future date."

[3] In a supplemental *pro se* motion, petitioner makes a similar argument, namely that, given the equivocal nature of the psychiatrist's evaluation in his case, together with other evidence in the record tending to show good behavior on

of that argument, he cites a number of cases, including *Osborn v. PSRB*, 171 Or App 248, 15 P3d 80 (2000), for the proposition that the substantial evidence standard requires an appellate court to consider both evidence in support of the agency's decision and evidence that detracts from the agency's decision. Petitioner also cites cases, including *Liberty Northwest Ins. Corp. v. Jacobson*, 164 Or App 37, 988 P2d 442 (1999), for the proposition that an agency's failure to consider relevant evidence favorable to the petitioner can be an abuse of discretion. Petitioner relies on *Drew v. PSRB*, 322 Or 491, 909 P2d 1211 (1996), and *Martin v. Board of Parole*, 327 Or 147, 957 P2d 1210 (1998), in support of his argument that the board erred in failing to articulate, in its order, why substantial evidence favorable to petitioner did not require the board to reach a different conclusion.

The above-cited cases do offer some support for petitioner's position. However, the issue is complicated by the fact, which petitioner fails to note, that, after the above cases were decided, the legislature amended ORS 144.335(3), which relates to board orders in this type of case. Or Laws 1999, ch 618, § 1. That subsection of the statute now provides that "[t]he order of the board need not be in any special form, and the order is sufficient for purposes of judicial review if it appears that the board acted within the scope of the board's authority." Senate Bill 401 (1999), which added that sentence, was introduced at the request of the Attorney General, and testimony adduced at hearings on that bill demonstrates that the bill was intended to address the Attorney General's concerns about the application of *Martin* and *Drew* to decisions of the Board of Parole and Post-Prison Supervision (as well as the Psychiatric Security Review Board). Testimony, Senate Judicial Committee, SB 227, Jan 24, 1995, Ex U (statement of Solicitor General Virginia L. Linder).

Further complicating the question is the portion of ORS 144.335(3) that provides that "[t]he Court of Appeals may affirm, reverse or remand the order on the same basis as provided in ORS 183.482(8)." ORS 183.482(8)(c) provides:

---

petitioner's part while in prison, there is not substantial evidence in the record to support the board's decision.

"The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."

It does not appear that we have had occasion to address the significance of the 1999 legislation as it affects the holdings of *Martin* and *Drew*, or the relationship between the wording of ORS 144.335(3) and our scope of review as described in ORS 183.482(8).

Against that backdrop, we now turn to examine the meaning of the phrase "substantial question of law" in ORS 144.335(6), following the methodology of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). We first observe that another part of the same statute, subsection (9), authorizes the court, after briefing, and either on motion of the board or on the court's own motion, to summarily affirm the board's decision "if the court determines that the judicial review does not present a substantial question of law." However, neither subsection (6) nor (9), nor any other part of ORS 144.335 or ORS chapter 144, provides any insight into the meaning of the key phrase "substantial question of law."

We also observe that the phrase "substantial question of law" appears in the following statutes, all of which, using nearly identical language, authorize this court summarily to affirm on appeal: ORS 30.647(3) (relating to inmate tort actions against public bodies), ORS 34.712 (relating to habeas corpus cases), ORS 138.225 (relating to criminal cases), and ORS 138.660 (relating to post-conviction relief cases). The earliest use of the phrase "substantial question of law" is found in ORS 138.660 and was part of the act that created the Post-Conviction Relief Act. As originally enacted, ORS 138.660 provided:

"In reviewing the judgment of the circuit court in a proceeding pursuant to this Act, the Supreme Court on its own motion or on motion of respondent may, at any time after all papers and documents necessary or required by law for full appellate review have been filed with the clerk of the Supreme Court, dismiss the appeal without oral argument

or submission of briefs if it finds that no substantial question of law is presented by the appeal. A dismissal of the appeal under this section shall constitute a decision upon the merits of the appeal."

.Or Laws 1959, ch 636, § 19. That statute has been amended over the years to refer to affirmance on appeal rather than dismissal of the appeal and to provide for appellate court action after the appellant's brief has been filed, but reference to whether the appeal "presents a substantial question of law" has remained constant.

In 1995, the legislature amended ORS 138.660 to its present form. Or Laws 1995, ch 295, § 4. In the same year, the legislature enacted ORS 138.225 (relating to criminal cases), Or Laws 1995, ch 295, § 2, and ORS 34.712 (relating to habeas corpus cases), Or Laws 1995, ch 294, § 3. In 1999, the legislature enacted ORS 30.647(3) (relating to actions filed by inmates against public bodies). Or Laws 1999, ch 657, § 5. Most recently, in 2001, the legislature enacted the amendment to ORS 144.335 at issue in this case. Or Laws 2001, ch 661, § 1.

■      All of those statutes, including ORS 144.335, relate in one way or another to appeals[4] by convicted persons or persons restrained of their liberty. Given that fact and the sequence of how the statutes were enacted, we may reasonably assume that, when the legislature used the phrase "substantial question of law" in each statute, it meant the same thing.[5] Unfortunately, nothing about the text or context of any of those statutes, or the sequence in which they were enacted, provides specific insight as to the meaning of the phrase "substantial question of law."[6]

---

[4] An order of the Board of Parole and Post-Prison Supervision comes to this court on "judicial review," not "appeal." For ease of reference, we use the term "appeal" to apply to both types of proceedings before this court.

[5] It is noteworthy that in the same year, 1995, the legislature amended ORS 138.660 (relating to post-conviction relief cases) to its present form and adopted both ORS 138.225 (relating to criminal cases) and ORS 34.712 (relating to habeas corpus cases). Further, in 2001, when Philip Schradle, Special Counsel to the Attorney General, testified in support of House Bill 2348, the bill that amended ORS 144.335 to its current form, he stated that the "substantial question of law" standard in ORS 144.335 was intended to be the same standard as the one used in habeas corpus cases. Testimony, Senate Judiciary Committee, HB 2348, May 1, 2001, Ex D (statement of Philip Schradle).

[6] Although we ultimately resolve this issue by examining the common and legal meaning of the statutory terms, as well as the use of those terms in prior

In law, the term "substantial" is defined as follows:

> "Of real worth and importance; of considerable value; valuable. * * * Something worth while as distinguished from something without value or merely nominal. * * *

> "A claim to bankrupt's property is 'substantial' so as to preclude summary proceeding if there are probable facts or circumstances sufficient to support a reasonable legal hypothesis upon which it should be allowed."

*Black's Law Dictionary* 1597 (revised 4th ed 1968). The ordinary meaning of "substantial" is similar:

> "[B]eing of moment : important, essential * * *. [H]aving a solid or firm foundation : soundly based : carrying weight ‹a [substantial] argument› ‹[substantial] evidence› * * *."

*Webster's Third New Int'l Dictionary* 2280 (unabridged ed 1993). Thus, a "substantial question of law" may be characterized as an issue of law of worth, moment, or importance, not merely nominal, having a solid or firm foundation, or presenting probable facts or circumstances sufficient to support a reasonable legal hypothesis.

The "substantial question of law" standard exists in apparent contrast to the "colorable claim of error" standard found in ORS 138.071(4)(a)(B) (relating to delayed appeals by defendants in criminal cases) and ORS 419A.200(4)(a) (relating to appeals from juvenile court decisions). In *State ex rel Juv. Dept. v. Balderas*, 172 Or App 223, 229-30, 18 P3d 434

---

cases, we note that the testimony given at the legislative hearings on those statutory amendments also yields few answers. The only testimony we have found that provides any clue to what the legislature may have intended "substantial question of law" to mean is found in testimony in support of Senate Bill 227 (1995). Senate Bill 227 was the vehicle for adopting ORS 138.225, which authorizes summary affirmance on direct appeal in criminal cases. Then-Solicitor General Virginia L. Linder, in written testimony before the Senate Judiciary Committee, stated:

> "[T]he most common circumstance in which the state likely would file a motion for summary affirmance is when the appellate court's scope of review does not permit any appellate review of the sole claim(s) of error raised on appeal."

Testimony, Senate Judicial Committee, SB 227, Jan 24, 1995, Ex U (statement of Solicitor General Virginia L. Linder). In that same testimony, Solicitor General Linder cited *State v. Martin*, 320 Or 448, 452, 887 P2d 782 (1994), in which the Supreme Court held that, in light of the limitations under ORS 138.222 on the reviewability of judgments of conviction and sentence when a defendant has pled guilty or no contest, the question of law that the defendant in that case had raised was not reviewable and therefore was not a substantial question of law.

(2001), we interpreted the phrase "colorable claim of error" as follows:

> "[A] 'colorable claim of error' is something less than a showing that the petitioner is reasonably likely to prevail on appeal. Combining the dictionary definition of 'colorable' with the characterization of 'colorable claims' in *Von Weidlein/N.W. Bottling* [*v. OLCC*, 16 Or App 81, 515 P2d 936 (1973)], it appears that the legislature may have intended 'colorable claim of error' to mean seemingly valid, genuine, or plausible claims of error or substantial and non-frivolous claims of error."

Because this court's characterization of "colorable claim of error" included reference to the word "substantial," the legislature may have intended "substantial question of law" to mean the same thing as "a colorable claim of error." However, we conclude that that is unlikely, because the phrase "substantial question of law" had been in use in ORS chapter 138, specifically ORS 138.660, for many years before the "colorable claim of error" standard first was applied to criminal proceedings in 1987. Or Laws 1987, ch 852, § 1.

In determining the meaning of those terms, we also consider several cases that have applied the "substantial question of law" standard. In *Negron v. Baldwin*, 118 Or App 190, 846 P2d 1173 (1993), a post-conviction relief case, we held that the question of whether trial counsel rendered inadequate assistance by failing to offer evidence of the lack of a "rape kit" test was not a substantial question of law because the trial court's findings were supported by the evidence and therefore binding on appeal. *Bennett v. Maass*, 131 Or App 557, 559-60, 886 P2d 1043 (1994), also was a post-conviction relief case, in which we held that the petitioner's contention that, if counsel had investigated certain unidentified scientific evidence, the investigation might have produced exculpatory evidence, was not an "arguable" claim and did not present a substantial question of law. In *Mastne v. Schiedler*, 180 Or App 552, 44 P3d 621 (2002), a third post-conviction relief case, we held that the question of whether the petitioner's claim that his dangerous offender sentence was invalid under *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 455 (2000), was time barred under the post-conviction relief statutes did not present a substantial

question of law. Lastly, *Pham v. Thompson*, 156 Or App 440, 965 P2d 482 (1998), *rev den*, 328 Or 246 (1999), was a habeas corpus case challenging a prison disciplinary segregation order. We held that the plaintiff's petition for a writ of habeas corpus did not present a substantial question of law, because the trial court's finding that he was no longer confined in the Intensive Management Unit as a result of the challenged disciplinary order was supported by evidence in the record. *Id.* at 444. We also held that the question of whether plaintiff's liability for a fine arising from the disciplinary order was a collateral consequence preventing the case from being moot was not a substantial question of law. *Id.*

■ Based on the plain meaning of "substantial" as reflected in both a law dictionary and a dictionary of general usage, as discussed above, we conclude that a "substantial question of law" is something *more* than a colorable claim of error; that is, something more than merely a seemingly valid, genuine, or plausible question of law. We also conclude that a "substantial question of law" is something *less* than a showing that the petitioner will prevail on judicial review. We emphasize that a question of law properly can be determined to be "substantial"—that is, "important," having "a solid or firm foundation," being "soundly based," or presenting "probable facts or circumstances sufficient to support a reasonable legal hypothesis"—without necessarily demonstrating that its proponent will prevail on the question. Under the "substantial question of law" standard that applies here, then, petitioner must identify a question of law that is more than seemingly plausible, but need not show that he will prevail on the question of law.

We recognize that the general definition of a "substantial question of law" that we discuss above will not always provide a definitive measure. We offer the following to provide more concrete guidance in describing when a proceeding does *not* present a substantial question of law:

- The ruling raising the question of law is not reviewable for procedural or jurisdictional reasons.
- The disposition of a question of law is resolved contrary to the petitioner's position by the unambiguous words of a statute, unless the petitioner plausibly argues that the statute is unconstitutional.

- The disposition of a question of law is resolved contrary to the petitioner's position by a Supreme Court or Court of Appeals decision, unless the petitioner presents an argument that was not considered when the question originally was decided or presents new authority in support of the petitioner's position. Further, we will consider our published decision to control the disposition of a question notwithstanding that the Supreme Court has not decided the question, even if a petition for Supreme Court review remains pending concerning the question or the Supreme Court has allowed review to address the question.

- The disposition of a question of law is controlled by the unambiguous words of an administrative rule, unless the petitioner plausibly argues that the rule is not a valid rule (for instance, because the rule was not adopted properly, it exceeds the grant of statutory authority, or it is unconstitutional).[7]

As noted above, petitioner's attorney has identified two questions of law: (1) whether the board erred in applying the version of ORS 144.125(3) in effect when petitioner was convicted by postponing petitioner's parole release date in the absence of a diagnosis by a psychiatrist or psychologist that petitioner has a present severe emotional disturbance such as to constitute a danger to the health or safety of the community, and (2) whether the board erred by deciding petitioner's case by an order that fails to show that the board considered evidence favorable to petitioner.

Applying the standards described above to this case, petitioner's first question of law clearly is not a substantial question of law because petitioner concedes that we have decided the question adversely to his position. *Godleske v. Morrow*, 161 Or App 523, 529, 984 P2d 339 (1999), *rev den*, 330 Or 553 (2000); *Merrill*, 155 Or App at 296 (adopting *Weidner*, 154 Or App at 19-20). Whether or not the Supreme

---

[7] We note that, under ORS 144.335(7), a dismissal of a case based on the court's conclusion that a substantial question of law is not presented "constitutes a decision on the merits of the petitioner's issues on judicial review."

Court has decided the question, this court has and, therefore, the question of law is not a substantial one in this court. It also is apparent that petitioner's second question of law is a substantial one, because petitioner has cited cases that appear to support his position but the legislature has enacted legislation that arguably may be inconsistent with that case law. The new statutory wording in ORS 144.335(6) is not unambiguous, nor is there Oregon case law that interprets the new wording.

For purposes of clarification of the motion for leave to proceed process, we also offer the following additional comments regarding the process. In motions for leave to proceed in a number of cases (although not in this case), the petitioner has asserted that the identification of one or more questions of law in the motion is without prejudice to other questions of law that might be raised in petitioner's brief. The implication of such a statement is that the judicial review presents, or may present, other, as yet unarticulated, substantial questions of law. In motions for leave to proceed filed in yet other cases, the petitioner has suggested that the motion for leave to proceed does not fully address the question or questions of law and that those questions will be more fully addressed in the petitioner's brief. Lastly, some petitioners have chosen to proceed without counsel and have submitted motions for leave to proceed that, in some instances, incompletely or poorly argue the questions of law identified in the motion.

We note that, as the moving party, the petitioner bears the burden of persuading the court that the motion is well taken both factually and legally. A petitioner's motion for leave to proceed stands or falls on the questions of law argued in the motion. If a motion for leave to proceed does not identify at least one substantial question of law, then it does not matter that there may be other, unarticulated questions of law present in the case. Likewise, a movant whose arguments are incomplete or inadequate runs the risk of having the motion for leave to proceed denied if the court is not persuaded that the question is a substantial one. We emphasize, however, that a petitioner need identify only one substantial question of law. Therefore, if the petitioner has identified at least one substantial question of law, the motion for leave to

proceed will be granted even if there are other questions of law asserted by the petitioner that the court determines are not substantial.[8]

We also note that, if a petitioner's motion for leave to proceed has identified at least one substantial question of law, then the petitioner may argue other additional questions of law in the petitioner's brief. Also, in an order granting a motion for leave to proceed, if we have determined that one or more questions of law are not substantial, we may identify the questions of law that we believe not to be substantial. If we do so, the identification of those questions of law as not substantial does not preclude the parties from briefing those issues. The court's initial determination that the question of law does not appear to be substantial is only a factor that the parties may take into consideration in deciding whether to brief that particular issue.

Motion for leave to proceed allowed; supplemental *pro se* motion for leave to proceed denied as moot.

---

[8] As noted above, petitioner himself, without leave of the court, submitted a supplemental motion for leave to proceed in which he argued that there is not substantial evidence in the record to support the board's findings. In that supplemental motion, petitioner makes certain factual representations without citation to the record. The board opposes consideration of petitioner's *pro se* supplemental motion on the grounds that (1) petitioner is represented by counsel and, as between the court and petitioner, petitioner's attorney is the exclusive representative, and (2) to the extent that petitioner's motion contains factual assertions not in the record, the court cannot consider those assertions. Because we have determined that one of the questions of law identified by counsel is a substantial question of law, we deny petitioner's *pro se* motion as moot.