On respondent's motion for summary affirmance filed May 9, and appellant's response filed June 20, motion for summary affirmance granted, affirmed August 31, petition for review denied December 8, 2016 (360 Or 697)

LLOYD ERVIN AUSTIN, IV,
*Petitioner-Appellant,*

*v.*

Jeff PREMO,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
12C20513; A159693

380 P3d 1253

Linda Louise Bergman, Senior Judge.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jacob Brown, Assistant Attorney General, for motion.

Jed Peterson and O'Connor Weber LLC for response.

Before Egan, Presiding Judge, and Lagesen, Judge.

**EGAN, P. J.**

On petitioner's appeal from the post-conviction court's judgment denying post-conviction relief on petitioner's claim of inadequate and ineffective assistance of counsel, respondent Superintendent of the Oregon State Penitentiary ("the state") has moved under ORS 138.660 to summarily affirm. The state's motion raises the issue of whether an appeal as a whole fails to present a substantial question of law when the trial court's decision rested on two independent grounds and the petitioner's brief fails to raise a substantial question of law as to both grounds. Specifically, the question is whether where, as here, a post-conviction court has denied relief on a claim of inadequate and ineffective assistance of counsel based on its conclusion that the petitioner proved neither the deficient performance element nor the prejudice element of such a claim, a petitioner must raise a substantial question of law as to both elements to avoid summary affirmance. We conclude that the answer to that question is yes. Accordingly, because petitioner has not raised any question—let alone a substantial question—regarding the post-conviction court's ruling on the prejudice element of his claim, we grant the state's motion and summarily affirm the post-conviction court's judgment.

Petitioner was charged in two separate cases with murder, attempted unlawful entry into motor vehicle, carrying a concealed weapon, third-degree escape, resisting arrest, interfering with making a report, strangulation, and four counts of misdemeanor assault. On the advice of his attorneys, petitioner entered into a plea agreement in which he waived his right to a jury trial and consented to a bench trial based on stipulated facts in exchange for dismissal of all charges except the murder and three assault charges. The plea agreement stated that petitioner would be found guilty of those charges based on the stipulated facts and that petitioner waived his right to appeal the conviction, and the right to pursue either state post-conviction relief or federal habeas corpus relief. The trial judge accepted the plea agreement, proceeded to hear the stipulated facts, convicted petitioner of the murder and assault charges, and imposed the agreed-upon sentence: life in prison without parole, a minimum of 25 years in prison, post-prison supervision for

life for the murder conviction, and concurrent jail time for the assault convictions.

Petitioner filed a request for post-conviction relief in which he alleged that his attorneys were inadequate in various ways, including, as applicable here, failing to recognize that petitioner had "issues with his mental health" that interfered with his ability to understand the plea agreement and failing to ensure that petitioner understood the "statutory language and legal terminology" related to the charges. As to those bases for post-conviction relief, petitioner alleged that he was "prejudiced in that he was limited in his understanding of the evidence and his ability to make a knowing decision to waive jury [trial] * * *" and that "greater prejudice is that Petitioner was convicted and is serving life in prison." Petitioner also alleged that, "[b]ut for these errors in representation, Petitioner would have asserted his right to a jury trial."

The post-conviction court, as applicable here, included these statements in the judgment denying relief: "No proof that [petitioner's] mental health in any way left him unable to understand his options." "Stip[ulated] facts [trial] was knowing & voluntary decision." "Insufficient proof of any inadequacies or any prejudice." On appeal, petitioner's sole assignment of error is that the post-conviction court erred in denying post-conviction relief "on the allegation that trial counsel was ineffective and inadequate for allowing petitioner to enter a plea that was not knowing and voluntary." In support of that assignment of error, petitioner argues only that the trial court erred in concluding that petitioner failed to prove that trial counsel performed deficiently, and does not argue that the post-conviction court erred in concluding that petitioner failed to prove that he was prejudiced by the alleged ineffective assistance of counsel. Petitioner opposes the state's motion for summary affirmance on the ground that his sole assignment of error presents a substantial question of law, relying on this court's decision in *Rodriguez v. Board of Parole*, 187 Or App 282, 67 P3d 970 (2003).

This court may summarily affirm a judgment in a post-conviction relief action if the court determines that no substantial question of law is presented by the appeal. ORS

138.660; *accord Mastne v. Schiedler*, 180 Or App 552, 554, 44 P3d 621 (2002) (summary affirmance in post-conviction relief case). Although this court in *Mastne* granted a motion for summary affirmance, the court has not elaborated on the meaning of the phrase "substantial question of law" in a post-conviction relief case. However, this court and the Supreme Court have addressed what constitutes a "substantial question of law" on judicial review of an order of the Board of Parole and Post-prison Supervision (BOPPS). In both *Rodriguez* and *Atkinson v. Board of Parole*, 341 Or 382, 143 P3d 538 (2006), the respective courts were interpreting "substantial question of law" in the context of ORS 144.335(6) (2001), applicable to judicial review of an order of BOPPS:

> "Within 60 days after being served with a copy of the record, or such further time as the court may allow, the petitioner shall file a motion for leave to proceed with judicial review based on a showing in the motion that a substantial question of law is presented for review."[1]

In *Rodriguez*, the court observed that the legislature had used the phrase "substantial question of law" in a number of statutes authorizing the court to summarily affirm on the merits: ORS 30.647(3) (on appeal from inmate tort actions against public officials); ORS 34.712 (on appeal in habeas corpus cases); ORS 138.225 (on appeal in criminal cases), and ORS 138.660 (on appeal in post-conviction relief cases). *Rodriguez*, 187 Or App at 287. The statutes authorizing summary affirmance in a post-conviction relief case, ORS 138.660, and in a BOPPS case are essentially identical.[2] There is no indication that, when the legislature

---

[1] ORS 144.335(9) (2001), also authorized the court to summarily affirm a board order on its merits after briefing if the judicial review did not present a substantial question of law. Thereafter, the legislature repealed the motion for leave to proceed process, but left intact the authority to summarily affirm on the merits. Or Laws 2007, ch 411, § 1.

[2] ORS 138.660, applicable to appeals in post-conviction relief cases, provides:

"In reviewing the judgment of the circuit court in a proceeding pursuant to ORS 138.510 to 138.680, the Court of Appeals on its own motion or on motion of respondent may summarily affirm, after submission of the appellant's brief and without submission of the respondent's brief, the judgment on appeal without oral argument if it finds that no substantial question of law is presented by the appeal. Notwithstanding ORS 2.570, the Chief Judge of the Court of Appeals may deny or, if the petitioner does not oppose the

adopted those statutes, it meant the term "substantial question of law" to have different meanings. In *Rodriguez*, this court held that a substantial question of law is a question of law that is "'important,' having 'a solid or firm foundation,' being 'soundly based,' or presenting 'probable facts or circumstances sufficient to support a reasonable legal hypothesis.'"[3] *Id.* at 291. In *Atkinson*, the Supreme Court held that a substantial question of law "is a soundly based, firmly supported question capable of adjudication as to what the law is that presented by the facts of the particular case at bar." *Atkinson*, 341 Or at 390; *see also Smith v. Board of Parole*, 343 Or 410, 416-17, 171 P3d 354 (2007) (substantial question of law exists when petitioner makes soundly based, firmly supported argument that controlling precedent can be limited or distinguished or should be reversed). We conclude that those interpretations of "substantial question of law" are equally applicable here under ORS 138.660.

Against that backdrop, we return our focus to this post-conviction relief case. In a post-conviction action based on a claim that the petitioner's criminal trial attorney or attorney on direct criminal appeal rendered ineffective or inadequate assistance, a petitioner must prove two distinct elements: (1) that counsel performed deficiently or inadequately; and (2) that the petitioner was prejudiced as a result. *See Krummacher v. Gierloff*, 290 Or 867, 883, 627

---

motion, grant a respondent's motion for summary affirmation. A dismissal of the appeal under this section shall constitute a decision upon the merits of the appeal."

ORS 144.335(6), applicable to judicial review of BOPPS decisions, provides:

"At any time after submission of the petitioner's brief, the court, on its own motion or on motion of the board, without submission of the board's brief and without oral argument, may summarily affirm the board's order if the court determines that the judicial review does not present a substantial question of law. Notwithstanding ORS 2.570, the Chief Judge, or other judge of the Court of Appeals designated by the Chief Judge, may, on behalf of the Court of Appeals, deny or, if the petitioner does not oppose the motion, grant the board's motion for summary affirmance. A summary affirmance under this subsection constitutes a decision on the merits of the petitioner's issues on judicial review."

[3] The court in *Rodriguez* also stated that a substantial question of law "is something *more* than a colorable claim of error; that is, something more than merely a seemingly valid, genuine, or plausible question of law" and "something *less* than a showing that petitioner will prevail on judicial review." *Rodriguez*, 187 Or App at 291 (emphasis in original).

P2d 458 (1981) ("Only those acts or omissions by counsel which have a tendency to affect the result of the prosecution can be regarded as of constitutional magnitude[.]"); *accord*, *Strickland v. Washington*, 466 US 668, 693, 104 S Ct 2052, 80 L Ed 2d 674 (1984) ("[I]neffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that defendant affirmatively prove prejudice."); *Moen v. Peterson*, 312 Or 503, 513, 824 P2d 404 (1991) (requiring a showing of prejudice by offender who seeks post-conviction relief on the grounds of ineffective assistance of counsel); *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991) ("The burden is on petitioner to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result."). The court will not presume prejudice in the absence of proof. *Ryan v. Palmateer*, 338 Or 278, 291, 108 P3d 1127 (2005). Thus, in a post-conviction relief case based on a claim of ineffective assistance of counsel, the post-conviction court may deny relief on the ground that the petitioner failed to prove either one or—as is the case here—both of the two elements of such a claim. Where the post-conviction court has determined that the petitioner failed to prove both elements of an inadequate assistance claim and denied post-conviction relief on that basis, on appeal, unless the petitioner persuades this court that the post-conviction court committed reversible error with respect to its rulings as to each element, the court will affirm the post-conviction court's decision.

How does this bear on whether summary affirmance is appropriate? Under ORS 138.660, the question is whether the appeal as a whole presents a substantial question of law. In general, where there are separate and independent bases supporting a trial court's decision, where each of those bases is, in and of itself, a sufficient basis for affirmance, and an appellant challenges only one of those bases, but does not challenge the other, it follows that the appeal as a whole does not present a substantial question of law. That is because under such circumstances, the unchallenged, independent, and adequate basis for the court's decision generally will require affirmance, regardless of the

merits of the legal challenge to the other basis for decision. Pertinent to this case, that means where a post-conviction court has denied relief on a claim for inadequate and ineffective assistance of counsel based on its determination that the petitioner failed to prove both elements of that claim, to withstand a motion for summary affirmance, a petitioner ordinarily must demonstrate a substantial question of law exists with respect to the court's rulings as to each element.

Here, the post-conviction court determined that petitioner had failed to prove either element of his inadequate assistance claim.[4] Petitioner challenges the post-conviction court's determination on the performance element of his claim, but does not challenge the court's separate and independent determination that petitioner did not prove the prejudice element of his claim. Under those circumstances, for the reasons stated above, the court's ruling on the prejudice element supplies a sufficient basis for affirmance of the post-conviction court's denial of relief even if the court erred in determining that petitioner failed to prove the performance element of his claim and, in the absence of a challenge to that ruling, this appeal does not present a substantial question of law. Therefore, the motion for summary affirmance is granted.

Motion for summary affirmance granted; affirmed.

---

[4] We assume that, absent specific findings, a trial court finds facts consistent with its legal conclusion. Here, we assume that the trial court impliedly determined that, even if petitioner's attorneys had given him unquestionably correct legal advice, petitioner would not have gone to trial and would have accepted the plea offer.